[No. 61604-8-I.   Division One.   January 20, 2009.]

THE HEIGHTS AT ISSAQUAH RIDGE OWNERS ASSOCIATION, *as Assignee, Appellant,* v. BURTON LANDSCAPE GROUP, INC., ET AL., *Respondents.*

---

[23] 141 Wn.2d 663, 9 P.3d 832 (2000).

*Tyler B. Ellrodt, Robert A. Hyde,* and *Anthony L. Rafel* (of *Rafel Law Group, PLLC*), for appellant.

*Garth A. Schlemlein* and *Theresa A. Goetz* (of *Schiffrin Olson Schlemlein & Hopkins*), for respondent Burton Landscape Group, Inc.

*Ray P. Cox* (of *Forsberg & Umlauf, PS*) and *Jason J. Cruz,* for respondent Time to Time Construction, Inc.

*Christopher D. Anderson,* for respondent Mark T. Brooks Construction.

¶1 GROSSE, J. — In determining whether parties agreed to arbitrate a dispute, a court first considers whether there is a valid arbitration agreement and, if so, whether the parties' dispute is within the scope of that agreement. Once it is determined that both criteria have been met, the court's authority is substantially constrained and, as here, relegates questions of the timeliness of claims to the arbiter. We reverse and remand to the trial court to compel arbitration.

## FACTS

¶2 Derus Wakefield I, LLC, as owner, entered into a contract (General Contract) with Sacotte Construction, Inc., to act as the general contractor for construction of a

condominium project, known as "Trillium Heights at Issa-quah Ridge." Sacotte in turn entered into subcontracts with Burton Landscape Group; Time to Time Construction, Inc.; The Concrete Way, Inc.; and Mark Brooks Construction, among others, to perform specified portions on the project. Each of the subcontracts incorporated the disputes provision of the General Contract, which required that all disputes be arbitrated.

¶3 The project was completed, and the owners established a homeowners association, "The Heights at Issaquah Ridge Owners Association" (Association). Thereafter, substantial defects were discovered and the Association commenced an action in King County Superior Court against Derus, the owner, on May 27, 2005. Derus filed a third-party complaint against Sacotte, the general contractor, in January 2006. On April 4, 2007, the three parties entered into a settlement agreement that included, among other things, an assignment of Derus' claims against Sacotte to the Association and an assignment of Sacotte's claims against the project subcontractors to the Association.

¶4 As Sacotte's assignee, the Association sought to arbitrate the claims against the subcontractors. All but the four subcontractors named above agreed to arbitrate. The Association filed a motion to compel arbitration. The trial court denied the motion and the Association appeals.

## ANALYSIS

¶5 Courts resolve the threshold legal question of arbitrability of the dispute by examining the arbitration agreement without inquiry into the merits of the dispute. If the dispute can fairly be said to invoke a claim covered by the agreement, any inquiry by the courts must end. Washington State has a strong public policy favoring arbitration

of disputes.[1] Questions of arbitrability are reviewed de novo.[2]

¶6 The General Contract required that any dispute arising out of that contract be resolved by arbitration. Paragraph 4.5.1 stated, "Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration." The General Contract further defined "claim" as

> a demand or assertion by one of the parties seeking, as a matter of right, adjustment or interpretation of Contract terms, payment of money, extension of time or other relief with respect to the terms of the Contract. The term "Claim" also includes other disputes and matters in question between the Owner and Contractor arising out of or relating to the contract. Claims must be made by written notice.
>
> . . . .
>
> Time Limits on Claims. Claims by either party must be made within 21 days after occurrence of the event giving rise to such Claim or within 21 days after the claimant first recognizes the condition giving rise to the Claim, whichever is later. Claims must be made by written notice. . . .

"Arbitration pursuant to this paragraph may be initiated by written notice by either party to the other." Each of the subcontracts provided for resolution of disputes as set forth in the General Contract.[3]

¶7 The sole issue before the trial court was whether there was a valid agreement to arbitrate. RCW 7.04A-.070(1) provides in pertinent part:

---

[1] *Mendez v. Palm Harbor Homes, Inc.*, 111 Wn. App. 446, 454, 45 P.3d 594 (2002) (quoting *Perez v. Mid-Century Ins. Co.*, 85 Wn. App. 760, 765, 934 P.2d 731 (1997)).

[2] *Stein v. Geonerco, Inc.*, 105 Wn. App. 41, 45, 17 P.3d 1266 (2001).

[3] Paragraph XI(A) of the subcontracts provides:

> In the case of any dispute between Subcontractor and Contractor, Subcontractor agrees to be bound to Contractor to the same extent that the Contractor is bound to the Owner both by the terms of the General Contract and by any and all decisions or determinations made hereunder. It is agreed that in the event the General Contract contains a provision such as a Disputes Clause, whereby claims may be resolved under an administrative procedure or arbitration, such clause is incorporated herein by reference as though fully set forth.

Unless the court finds that there is no enforceable agreement to arbitrate, it shall order the parties to arbitrate. If the court finds that there is no enforceable agreement, it may not order the parties to arbitrate.

The trial court found the 21-day notice requirement in the contract to be a "predicate requirement to enforcement and enforceability of the arbitration clause." The court further stated that it was not ruling on the merits, but on "procedural pre-requisites."

¶8 Washington courts apply a strong presumption in favor of arbitration. In *Peninsula School District No. 401 v. Public School Employees of Peninsula*, the Washington Supreme Court clearly articulated the principles of arbitrability, setting forth the limitation of a trial court's discretion when ruling on a motion to compel arbitration:

> "Although it is the court's duty to determine whether the parties have agreed to arbitrate a particular dispute, the court cannot decide the merits of the controversy, but may determine only whether the grievant has made a claim which *on its face* is governed by the contract."[4]

Any doubts should be resolved in favor of coverage, and further, all questions upon which the parties disagree are presumed to be within the arbitration provisions unless negated expressly or by clear implication.[5]

¶9 Thus, whether or not time limits act as a bar to arbitration should be decided by the arbitrator as a threshold question. As noted in *Yakima County Law Enforcement Officers Guild v. Yakima County*:

> [Q]uestions of procedural arbitrability, those "concerning the procedural prerequisites to arbitration," should be resolved by an arbitrator. . . .[6]

---

[4] 130 Wn.2d 401, 413, 924 P.2d 13 (1996) (quoting *Council of County & City Employees v. Spokane County*, 32 Wn. App. 422, 424-25, 647 P.2d 1058 (1982)).

[5] *Peninsula*, 130 Wn.2d at 413-14.

[6] 133 Wn. App. 281, 287-88, 135 P.3d 558 (2006) (quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 556-57, 84 S. Ct. 909, 11 L. Ed. 2d 898 (1964)).

The arbitrator should decide "allegation of waiver, delay, or a like defense to arbitrability."[7]

¶10 Federal courts have also interpreted time limits within which to bring a claim to arbitration to be under the purview of the arbitrator. In an action where a contractor sought arbitration of its dispute with a hospital, the United States Supreme Court in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.* held as a matter of law:

> [A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.[8]

¶11 Similarly, in *Howsam v. Dean Witter Reynolds, Inc.*, the contract required a demand for arbitration be made within six years of the date of occurrence.[9] There, the court held the limitation to be an issue of procedural arbitrability for the arbitrator to decide rather than one of substantive arbitrability for the court.[10]

¶12 The arbitration clause found in the parties' contract is broad and encompasses those claims pleaded here by the Association. The subcontractors argue that the 21-day time limit is a contractual limitation and, as such, is a contractual condition precedent to arbitration that must be met even before arbitration can be invoked. To support their position that failure to comply with written mandatory contractual claim notice provisions in a governing contract acts as a complete bar to relief, the subcontractors

---

[7] *Yakima County*, 133 Wn. App. at 288 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)).

[8] 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983); *see also Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84, 123 S. Ct. 588, 154 L. Ed. 2d 491 (2002) ("the presumption is that the arbitrator should decide 'allegation[s] of waiver, delay, or a like defense to arbitrability.'" (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25)).

[9] 537 U.S. 79, 81, 123 S. Ct. 588, 154 L. Ed. 2d 491 (2002).

[10] *Howsam*, 537 U.S. at 85.

rely on *Mike M. Johnson, Inc. v. Spokane County.*[11] But the contract in *Mike M. Johnson, Inc.* did not contain an arbitration clause, and further, the contract itself provided that " '[f]ull compliance by the Contractor with the provisions of this section is a contractual condition precedent to the Contractor's right to seek judicial relief.' "[12] Moreover, Johnson failed to follow the contractual procedures even after the county notified it that any claim must be submitted per the requirements contained in the contract. But here, there was an agreement to arbitrate and the contract contained no specific language requiring procedural compliance with the time limits as a condition precedent to arbitration. Thus, the question of whether the subcontractors waived their right to the 21-day notice is an issue squarely within the arbitrator's purview.

¶13 The plain language of the contract shows that the parties shared a clear intent to submit all disputes relating to the contract to arbitration. "Courts must indulge every presumption 'in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.' "[13]

¶14 The initial determination by the trial court is limited to whether the parties agreed to arbitrate the submitted claims. The definitions included in the contract clearly indicate that these claims of shoddy workmanship were subject to the arbitration clause. The reasoning contained in Washington and federal cases support the conclusion that the 21-day notice defense is a procedural matter concerning the merits of the case and should be decided by the arbitrator.

---

[11] 150 Wn.2d 375, 389, 78 P.3d 161 (2003).

[12] *Mike M. Johnson, Inc.*, 150 Wn.2d at 380 (alteration in original).

[13] *Zuver v. Airtouch Commc'ns, Inc.*, 153 Wn.2d 293, 301, 103 P.3d 753 (2004) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25).

408

¶15 Accordingly, we reverse and remand to the trial court to compel arbitration.

Cox and LEACH, JJ., concur.