[No. 63772-0-I.   Division One.   December 20, 2010.]

VERBEEK PROPERTIES, LLC, ET AL., *Appellants*, v. GREENCO ENVIRONMENTAL, INC., ET AL., *Respondents*.

*Marisa M. Bavand* (of *Groff Murphy PLLC*), for appellants.

*Jeffrey P. Downer* and *Donna M. Young* (of *Lee Smart PS*); *Martin L. Ziontz* (of *Peizer Richards & Ziontz PS*); and *Alexander A. Friedrich* (of *Yusen & Friedrich*), for respondents.

¶1 BECKER, J. — At issue is a decision denying a motion to compel arbitration. We reverse. The issue of compliance with procedural requirements for initiating arbitration is for the arbitrator to decide, not a trial court. And a plaintiff does not waive a contractual right to arbitrate by failing to mention it in a complaint filed with the court, so long as the plaintiff's behavior is otherwise consistent with an intent to submit to arbitration.

¶2 Dewey Verbeek and his wife, Marilyn, operated a wrecking yard on their property in Bothell, Washington, for over 30 years. When Verbeek decided to sell the property, he learned the site was contaminated and would have to be cleaned up. He hired respondent GreenCo Environmental Inc. to remediate the soil to meet Department of Ecology standards. The contract between Verbeek and GreenCo included an arbitration clause:

> The parties agree that any claim or dispute arising out of this Agreement shall be submitted to, and be subject to, binding arbitration for resolution.
>
> Prior to seeking claim resolution via arbitration the parties shall cooperate to meet and discuss their positions with a neutral mediator in attempt to resolve any difference.

¶3 Verbeek paid GreenCo over $900,000 as GreenCo's work progressed but then became dissatisfied with GreenCo's work and stopped paying. In response, GreenCo recorded a claim of lien on Verbeek's property for the amount withheld.

¶4 On February 20, 2009, GreenCo advised Verbeek of the recording of the lien. The letter stated that if Verbeek did not pay the additional amount GreenCo claimed was due, GreenCo would sue to foreclose the lien and obtain a judgment.

¶5 On February 24, Verbeek responded to GreenCo, threatening to sue for dismissal of the lien as frivolous and alleging that GreenCo had breached the contract by performing substandard work. Verbeek invoked the arbitration clause:

> You are further notified that Verbeek intends to pursue its claim against GreenCo. Under the parties' contract, mediation is a prerequisite to arbitration. Verbeek is willing to waive that requirement and proceed to arbitration if GreenCo is, as we believe mediation would be futile at this point in time.

¶6 On March 3, GreenCo wrote a letter asserting that the lien was valid and defending the quality of its work.

GreenCo did not address Verbeek's request to proceed to arbitration.

¶7 On March 13, Verbeek filed a motion to dismiss GreenCo's lien as frivolous under RCW 60.04.081.

¶8 On April 6, while the motion to dismiss the lien was still pending, Verbeek filed a summons and complaint against GreenCo under a new cause number. The complaint alleged breach of contract; fraud; negligent misrepresentation; Consumer Protection Act, chapter 19.86 RCW, violations; a cause of action for declaratory relief under the Model Toxics Control Act, chapter 70.105D RCW; and a right to recover against GreenCo's surety bond.

¶9 On April 9, the court denied Verbeek's motion to dismiss the lien. The court later entered findings of fact and conclusions of law on this motion and awarded GreenCo attorney fees as authorized by RCW 60.04.081(4).

¶10 On April 13, Verbeek wrote to GreenCo, offering to stay the breach of contract action pending arbitration. Verbeek suggested that the parties try to reach an agreement regarding an arbitrator.

¶11 On May 12, GreenCo answered the complaint and counterclaimed to foreclose the lien.

¶12 On May 19, in response to further inquiries from Verbeek, GreenCo informed Verbeek that the company was refusing to arbitrate because counsel believed that Verbeek had waived arbitration.

¶13 On May 26, Verbeek moved to stay litigation and enforce arbitration. The trial court denied the motion, concluding Verbeek had waived the right to arbitrate. Verbeek appeals.

¶14 Appeal of an order denying a motion to compel arbitration may be filed as a matter of right under RAP 2.2(a)(3). *Weiss v. Lonnquist*, 153 Wn. App. 502, 224 P.3d 787 (2009). Our review of such an order is de novo. *Otis Hous. Ass'n v. Ha*, 165 Wn.2d 582, 586-87, 201 P.3d 309 (2009). The party opposing arbitration bears the burden of showing

the arbitration clause is inapplicable or unenforceable. *Otis Hous. Ass'n,* 165 Wn.2d at 587.

¶15 "Washington courts apply a strong presumption in favor of arbitration." *Heights at Issaquah Ridge Owners Ass'n v. Burton Landscape Grp., Inc.,* 148 Wn. App. 400, 405, 200 P.3d 254 (2009). Courts must indulge every presumption in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability. *Heights,* 148 Wn. App. at 407.

¶16 Waiver is the voluntary and intentional relinquishment of a known right. *Ives v. Ramsden,* 142 Wn. App. 369, 174 P.3d 1231 (2008). Waiver of an arbitration clause may be accomplished expressly or by implication. *Lake Wash. Sch. Dist. No. 414 v. Mobile Modules Nw., Inc.,* 28 Wn. App. 59, 621 P.2d 791 (1980). The right to arbitrate is waived by "conduct inconsistent with any other intention but to forego a known right." *Lake Wash.,* 28 Wn. App. at 62; *see also Otis Hous. Ass'n,* 165 Wn.2d at 588.

¶17 GreenCo argues that Verbeek waived the right to arbitrate in four ways. The trial court agreed with GreenCo on two grounds. We conclude that none of the four grounds advanced by GreenCo establish waiver by Verbeek.

¶18 First, GreenCo contends Verbeek waived the right to arbitration by failing to initiate an arbitration in compliance with the procedures provided by the uniform arbitration act, chapter 7.04A RCW. This was one of the grounds adopted by the trial court as a basis for denying Verbeek's motion to compel arbitration. But whether Verbeek's letter of February 24 properly initiated an arbitration was not a question for the trial court to decide. The uniform arbitration act envisions a limited role for courts. *Heights,* 148 Wn. App. at 403. That role is to decide whether or not there is an enforceable agreement to arbitrate. "On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement, . . . the court shall proceed summarily to decide the issue. Unless the court finds that there is no

enforceable agreement to arbitrate, it shall order the parties to arbitrate." RCW 7.04A.070(1). The act does set forth procedures for initiating arbitration in RCW 7.04A.090. But the question of compliance with these procedures must be left to the arbitrator.

¶19 *Westcott Homes, LLC v. Chamness*, 146 Wn. App. 728, 192 P.3d 394 (2008), relied on by GreenCo, does not compel a different conclusion. In that case, residential property owners had a dispute over a sewer line easement with Westcott, a developer of neighboring property. They reached a settlement agreement and stipulated that either the owners or Westcott would have the right to seek damages for any breach of the agreement by initiating an arbitration within 180 days of the stipulation. Within the 180 day period, Westcott sent the owners an e-mail message stating a desire to arbitrate and suggesting some possible arbitrators. There was no response. After the 180 day period, Westcott filed a complaint for damages and a stay pending arbitration. The trial court dismissed the complaint for failure to comply with the statutory notice requirements for initiating arbitration. This court affirmed, concluding that the e-mail message did not describe the nature of the controversy and requested remedy as required by RCW 7.04A.090.

¶20 Appellant Westcott might have asked for reversal on the basis that under RCW 7.04A.070(1), the trial court should have simply determined that the parties did have an enforceable agreement to arbitrate and let the arbitrator decide whether the e-mail message complied with the statute. But the opinion does not indicate that argument was made. Instead, Westcott argued that it did comply with the statutory notice requirements. This court simply resolved the question presented. The fact that this court interpreted and enforced the procedural requirements of RCW 7.04A.090 in *Chamness* is not a precedent for doing so in other cases where the issue of the court's lack of authority to do so is squarely raised.

¶21 Here, the enforceability of the arbitration clause in the agreement between Verbeek and GreenCo is not in dispute. Whether compliance with RCW 7.04A.090 is for the court or for the arbitrator is an issue squarely presented. Following *Heights*, we conclude the issue is for the arbitrator. There is no requirement that formal initiation of an arbitration must precede filing a lawsuit in order to avoid waiving a contractual right to arbitration. The trial court exceeded its authority by ruling on the procedural issue.

¶22 Second, GreenCo contends Verbeek waived the right to arbitration by failing to demand arbitration in the complaint. This was the second ground adopted by the trial court as a basis for denying Verbeek's motion to compel arbitration. But omitting a demand for arbitration from the initial pleadings in a lawsuit is not an affirmative election to forgo arbitration. The statute does not so provide, and the cases cited by GreenCo stand for a more general rule: "the contractual right to arbitration may be waived if it is not timely invoked." *Otis Hous. Ass'n*, 165 Wn.2d at 587.

¶23 In *Otis Housing Ass'n*, the court parenthetically described some previous cases in a manner suggesting that to avoid waiver, the right to arbitration must be invoked at the time an action is commenced. *Otis Hous. Ass'n*, 165 Wn.2d at 587. But those descriptions of the cases are dicta, and the cases themselves do not establish such a rule. The cases simply illustrate the rule stated in *Lake Washington*, 28 Wn. App. at 64: "a party to a lawsuit who claims the right to arbitration must take some action to enforce that right within a reasonable time after suit is filed." *See Pedersen v. Klinkert*, 56 Wn.2d 313, 320, 352 P.2d 1025 (1960) (moving party did not seek arbitration until after the trial court entered judgment; deemed inconsistent with an intent to arbitrate); *Ives*, 142 Wn. App. at 383 (defendant waived arbitration by failing to raise the right in his answer, engaging in extensive discovery, and preparing fully for trial for three years before invoking the right to arbitrate); *Harting v. Barton*, 101 Wn. App. 954, 6 P.3d 91 (2000) (defendant could not invoke his contractual right to media-

tion on appeal after failing to raise the right in either his counterclaim or summary judgment motion), *review denied,* 142 Wn.2d 1019 (2001); *Lake Wash.,* 28 Wn. App. at 63-64 (contractor who invoked right to arbitration in his answer did not waive the right to arbitrate by engaging in limited discovery for three months). These cases do not hold that the right to arbitration is waived by failing to invoke it in the complaint or answer.

¶24 Verbeek requested arbitration in correspondence before filing suit. Only a few days after filing, Verbeek sent a letter offering to stay litigation in order to arbitrate. Verbeek moved to compel arbitration less than two months after filing his complaint. Verbeek's intent to arbitrate was manifest throughout his course of conduct. The trial court erred by concluding that Verbeek's failure to mention arbitration in the complaint was a waiver of arbitration.

¶25 Third, GreenCo contends Verbeek waived the right to arbitration through his preliminary attempt to remove GreenCo's lien. But this was not inconsistent with demanding arbitration on the breach of contract issue.

¶26 A party who has litigated certain issues and lost "may not later seek to relitigate the same issue in a different forum." *Otis Hous. Ass'n,* 165 Wn.2d at 588. GreenCo argues that when Verbeek moved to dismiss the lien, he was seeking relief on matters that he is now seeking to resolve in arbitration. Verbeek contends this issue is not before us because the trial court rejected this argument and GreenCo did not cross appeal. Still, we may consider GreenCo's argument as a possible basis for affirmance. This court may affirm the trial court's ultimate decision on any grounds established by the pleadings and supported by the record. *Otis Hous. Ass'n,* 165 Wn.2d at 587.

¶27 GreenCo advised Verbeek in February 2009 of the lien being recorded to secure GreenCo's right to be paid for the work done. Verbeek moved to dismiss the lien under RCW 60.04.081(1), the statute that authorizes courts to remove frivolous liens expeditiously after a show cause hearing. The summary resolution of factual disputes under

this statute is "confined to the limited group of cases where the lien claim is clearly meritless." *S.D. Deacon Corp. of Wash. v. Gaston Bros. Excavating*, 150 Wn. App. 87, 90, 206 P.3d 689 (2009). The statute does not give the trial court authority to expand the summary proceeding into a suit to foreclose the lien or to recover on a contractual theory. *Deacon*, 150 Wn. App. at 90-91.

¶28 For a lien to be valid under chapter 60.04 RCW, the claimant must perform work that constitutes an improvement on real property. RCW 60.04.021; *see TPST Soil Recyclers of Wash., Inc. v. W.F. Anderson Constr., Inc.*, 91 Wn. App. 297, 957 P.2d 265, 967 P.2d 1266 (1998). In the motion to dismiss GreenCo's lien as frivolous, Verbeek argued the lien was facially invalid because the soil remediation work did not satisfy the definition of "improvement" in RCW 60.04.011(5). Verbeek also argued that GreenCo's lien was filed more than 90 days after GreenCo's last day of work on Verbeek's site. *See* RCW 60.04.091. The trial court found that GreenCo's response raised debatable issues about both of these allegations. As a result, the court denied Verbeek's motion and allowed GreenCo's lien to remain on the property.

¶29 This case is not like *Otis Housing Ass'n*, where waiver was found because the issue the appellant presented at a show cause hearing in an unlawful detainer action— the validity of a purchase option—was the same issue the appellant wished to present in an arbitration. Verbeek's motion to dismiss the lien, filed as a separate cause of action, did assert that GreenCo had breached its contract and did allege that GreenCo had misrepresented its experience and expertise. Despite these assertions, however, the issues raised by Verbeek's motion to dismiss the lien as frivolous were whether the work GreenCo performed on Verbeek's property was an improvement on real property and whether the lien was timely filed. The issues Verbeek seeks to arbitrate in the present suit are different: (1) whether GreenCo breached its contract with Verbeek; (2) whether GreenCo fraudulently misrepresented its qualifi-

cations, experience, and remediation plan; (3) whether GreenCo was negligent in its representations; (4) whether GreenCo engaged in an unfair and deceptive act or practice in violation of the Consumer Protection Act; and (5) whether Verbeek is entitled to declaratory relief making GreenCo liable for cleaning up a toxic site. Unlike in *Otis Housing Ass'n*, the trial court did not, was not asked to, and was not authorized to find facts or make conclusions of law pertaining to the breach of contract and related claims Verbeek now seeks to arbitrate. The trial court correctly concluded that Verbeek's preliminary attempt to remove the lien was not an election to litigate instead of arbitrate.

¶30 Fourth, GreenCo contends Verbeek waived the right to arbitration by seeking relief that an arbitrator cannot provide. GreenCo contends that filing a complaint that seeks declaratory or equitable relief is inconsistent with arbitration. GreenCo cites *Kruger Clinic Orthopaedics, LLC v. Regence BlueShield*, 157 Wn.2d 290, 138 P.3d 936 (2006). This case is not on point, as it addressed a situation in which a statute expressly precluded the use of binding nonjudicial dispute resolution measures. GreenCo contends that by statute, only a court of record has authority to render declaratory judgments. *See* RCW 7.24.010. This may be so, but "an arbitrator may order such remedies as the arbitrator considers just and appropriate under the circumstances of the arbitration proceeding." RCW 7.04A.210(3). Nothing in the statute that authorizes declaratory judgments prevents an arbitrator from determining in an arbitration award that declaratory relief is an appropriate remedy. A party may obtain confirmation of such an award in the form of an order issued by the court. RCW 7.04A.220. We therefore conclude a prayer for declaratory relief is not inconsistent with arbitration. *See Townsend v. Quadrant Corp.*, 153 Wn. App. 870, 877, 885-86, 224 P.3d 818 (2009) (holding that to the extent a claim of a contract's unconscionability does not challenge the arbitration clause in particular, a request for declaratory relief is an issue for the arbitrator), *review granted*, 169 Wn.2d 1021 (2010).

¶31 GreenCo also contends Verbeek acted inconsistently with an intent to arbitrate by seeking a judgment against GreenCo's surety bond because the bond company is not a party to the arbitration agreement. This argument mischaracterizes Verbeek's position. Verbeek is not attempting to bring the bond company into arbitration, as the bond company's presence is not necessary to determine GreenCo's liability. Verbeek's assertion of the right to obtain a judgment against the bond, if he is successful in obtaining an arbitration award for money damages, is another peripheral matter solely dependent on the outcome of the arbitration.

¶32 In short, GreenCo did not meet its burden of showing conduct by Verbeek inconsistent with the intent to arbitrate. The order denying the motion to compel arbitration is reversed.

APPELWICK and LAU, JJ., concur.