## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In re the Marriage of: | ) | No. 69114-7-I |
| | ) | |
| JONA LUCILLE HENDRICKSON, | ) | DIVISION ONE |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KEVIN BRUCE HENDRICKSON, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: November 18, 2013 |
| | ) | |

Cox, J. — Primarily at issue in this appeal is whether an arbitrator had authority to arbitrate a number of issues arising out of a property settlement agreement in a marital dissolution. Because the plain language of the arbitration agreement supports the ongoing authority of the arbitrator in this case, we affirm the trial's court order confirming the ongoing jurisdiction of the arbitrator.

The marriage between Jona and Kevin Hendrickson[1] was dissolved on November 30, 2011. At that time, the parties entered into a property settlement agreement, which resolved some issues related to their marital dissolution. But the agreement identified a number of "outstanding issues" the parties agreed would be "arbitrated by Lawrence Besk within ninety (90) days of entry of the final documents."

---

[1] We use the first names of the parties for clarity.

The arbitrator testified that the "parties had a large number of disputes over the records of their businesses, and the final accounting issues." He further testified that the "disputes [were] not small, and are in the hundreds of thousands of dollars." Because the accounting records were complicated, the arbitrator appointed a forensic accountant on February 3, 2012 to sort through them. This appointment was within 90 days of the dissolution decree. But the final accounting did not occur within the 90 days.

Between February and May, both parties continued to engage in communications with the arbitrator, and the arbitrator issued a number of rulings.

In May 2012, Kevin filed four motions in King County Superior Court. He moved to remove the arbitrator, to show cause why the dissolution decree should not be vacated under CR 60, to shorten time for a stay of entry of order, and for de novo review of the arbitrator's decision. Jona moved to confirm the ongoing jurisdiction of the arbitrator and to affirm the appointment of a special master for the sale of a particular piece of property.

After oral argument, the trial court denied all of Kevin's motions. Further, the trial court granted Jona's motions. It also found that an award of attorney fees and CR 11 sanctions against Kevin's counsel were appropriate.

Kevin moved for reconsideration, which the trial court denied.

Kevin only appeals the trial court's order confirming the ongoing jurisdiction of the arbitrator and the order denying his motion for reconsideration on this issue.

## ARBITRATOR'S AUTHORITY

Kevin argues that the language of the property settlement agreement divested the arbitrator's authority because all of the issues identified in the agreement were not completely arbitrated within 90 days of entry of the final documents. He further asserts that the trial court improperly modified the agreement to arbitrate by confirming the arbitrator's authority beyond the 90 days. We disagree.

"Arbitrability is a question of law we review de novo."[2] The party seeking to avoid arbitration bears the burden of proof.[3] "Washington State has a strong public policy favoring arbitration . . . ."[4] But despite this public policy, "'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'"[5] "When the validity of an agreement to arbitrate is challenged, courts apply ordinary state contract law."[6] Here, the clear and unambiguous language of the agreement to arbitrate does not state that the arbitrator loses authority after 90 days from the entry of the final documents. Rather, that agreement states "[a]ll of the issues identified above will

---

[2] McKee v. AT&T Corp., 164 Wn.2d 372, 383, 191 P.3d 845 (2008).

[3] Id.

[4] Heights at Issaquah Ridge, Owners Ass'n v. Burton Landscape Grp., Inc., 148 Wn. App. 400, 403-04, 200 P.3d 254 (2009).

[5] Woodall v. Avalon Care Center-Fed. Way, LLC, 155 Wn. App. 919, 923, 231 P.3d 1252 (2010) (quoting Satomi Owners Ass'n v. Satomi, LLC, 167 Wn.2d 781, 810, 225 P.3d 213 (2009)).

[6] McKee, 164 Wn.2d at 383.

be *arbitrated* by Lawrence Besk within ninety (90) days of entry of the final documents."[7] The arbitrator complied with this provision because he began arbitration within 90 days of the entry of the dissolution decree. The agreement does not state that arbitration will be completed within 90 days. Nor does it state that the arbitrator loses authority after 90 days. Based on the clear and unambiguous language of the agreement to arbitrate, the arbitrator continued to have authority to arbitrate beyond the 90 days.

This conclusion is aligned with the arbitrator's determination of whether he had continuing authority to arbitrate. The arbitrator explained his reasoning in a letter to the parties:

> The [property settlement agreement] does not state that I lose authority to arbitrate if the arbitration is not conducted within ninety (90) days. In addition, under RCW 7.04A the arbitrator is granted authority to determine the arbitration process. In this case, neither party is ready to conduct the arbitration of issues A through N as required under Section VIII of the PSA. I have previously appointed a forensic accountant to review the voluminous business records so that the parties can prepare to address all of the remaining issues. Once that report is done, and both parties are ready to arbitrate all remaining issues, the case can be scheduled for a final arbitration.
> . . .
>
> As to my continuing authority, please note the numerous provisions throughout the PSA that appoint me as arbitrator of all unresolved issues, including paragraph 10.1 that clearly states that I arbitrate "all issues arising out of this agreement, concerning interpretation, implementation and enforcement." There is no time limit on that authority.[8]

---

[7] Clerk's Papers at 342 (emphasis added).

[8] Clerk's Papers at 102-03.

In sum, the trial court did not err when it "confirm[ed] [the] ongoing jurisdiction of [the] arbitrator beyond 90 days."

Kevin argues that the trial court improperly modified the property settlement agreement. Specifically, he contends that the trial court in this case "made no conclusive findings regarding the need and its own authority to modify the terms of the parties' contract . . . ." He also points to the agreement's integration clause to argue that Besk did "not have the authority to modify or find waiver in contravention to Section 10.8 of the [agreement]." But the trial court did not modify the agreement. As discussed above, the clear and unambiguous language of the property settlement agreement did not divest the arbitrator of his authority after the 90 days of the entry of the final documents. Thus, these arguments are not persuasive.

Kevin also asserts that the property settlement agreement is "now unconscionable" because of the modification. Because he first raises this argument in his reply brief and fails to cite authority to support this argument, we will not consider this new argument.[9]

## ATTORNEY FEES

Jona requests an award of attorney fees on appeal under RCW 26.09.140. Because Jona did not file an affidavit of financial need as required under RAP 18.1(c), we deny her request.

---

[9] See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

5

We affirm the order confirming the ongoing jurisdiction of the arbitrator, and deny the request for attorney fees.

_____
Cox, J.

WE CONCUR: