# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Estate of:<br><br>GARY M. RUSING,<br><br>                Deceased.<br><br>LAURENE RUSING, individually, as Co-Trustee of the Irrevocable Residential Trust Agreement, as Personal Representative of the Estate of Garrett Rusing, and as representative of minor heirs Justice Rusing and Grace Rusing,<br><br>                Appellant,<br><br>            v.<br><br>CHRISTOPHER RUSING, individually, and as Personal Representative for the Estate of Gary M. Rusing,<br><br>                Respondent. | DIVISION ONE<br><br>No. 80718-8-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Laurene Rusing appeals from the dismissal of her complaint against the estate of her ex-husband, Gary Rusing, alleging that Gary breached an obligation arising from their dissolution decree when he surrendered his life insurance policy for its cash value. Because Laurene's complaint is time barred, we affirm. We also affirm the trial court's award of attorney fees to the estate and award attorney fees to the estate for defending the judgment in this appeal.

I

Gary Rusing and Laurene Rusing were married between July 20, 1996 and April 21, 2005. During their marriage, they had three children: Garrett Rusing, born in 1997, Michael Rusing, born in 1998, and Justice Rusing, born in 2002.[1] Gary[2] and Laurene separated, reconciled, and separated again prior to the dissolution of their marriage. During the period of reconciliation, in 2001, they executed a written agreement, which they titled the "Antenuptial Agreement." The Antenuptial Agreement required that Gary designate Laurene as beneficiary of his life insurance policy.

The dissolution decree that ended the marriage, entered in 2005, reiterated that Gary would maintain Laurene as beneficiary of his life insurance policy. Additionally, Gary agreed to purchase a home that Laurene would live in with the children. The home was to be held in trust for the children, and Gary would be responsible for the mortgage obligations on the home, as well as real estate taxes and homeowner's insurance until he was no longer obligated to pay child support. If Gary died before the mortgage debt was satisfied, Laurene was required to use the life insurance proceeds to pay off the remaining obligations on the house. Sadly, several months after the dissolution decree was entered, Michael passed away.

---

[1] The record indicates several times that Justice was born in December 2002. However, there is one reference to Justice's birth in December 2003. Whether Justice was born in 2002 or 2003 makes no difference to our analysis.

[2] Members of the Rusing family are referred to by first name for clarity. No disrespect is intended.

Gary and Laurene then executed an agreement ("Irrevocable Residential Trust Agreement") to place a house on Erie Street, purchased by Gary, in a trust for the benefit of the surviving children, Garrett and Justice.  The Irrevocable Residential Trust Agreement also required that (1) Gary maintain Laurene as a beneficiary of his insurance, and (2) Laurene use the insurance proceeds to pay any remaining mortgage obligations upon his death.

Laurene refused to sign the Irrevocable Residential Trust Agreement, citing objections to several provisions unrelated to the insurance provision.  After a hearing, the court ordered Laurene to sign the Irrevocable Residential Trust Agreement.  She then failed to appear to sign the trust document once, but eventually signed the document.

In 2009, Gary surrendered his life insurance policy for its cash value.  Laurene was not notified of this but apparently never inquired as to the status of Gary's life insurance.

Gary finished paying off the mortgage on the Erie Street house in 2013.  In 2017, Gary executed a will appointing his oldest son from a previous relationship, Christopher Rusing, executor of the estate and leaving his entire estate to Christopher.

Gary died on December 28, 2018.  At the time of his death, there were no liquid assets in his estate.  The net value of the estate was appraised at $753,479.51.

After Gary died, Laurene refused to relinquish a 2016 Mercedes SUV that Gary had purchased for Justice's use upon her 16th birthday, even after the trial

court determined that it was an asset of the estate. The estate was required to pursue replevin at its own cost.

Laurene filed several creditor's claims against the estate. One such claim was for $100,000 in money damages pursuant to the dissolution decree's life insurance provision. The estate denied the claim. Laurene then filed this lawsuit, seeking a money judgment for breach of contract. Both parties sought summary judgment.

The trial court granted the estate's motion for summary judgment, dismissing Laurene's claim and citing three reasons therefore: (1) Laurene's claim is time barred, (2) the purpose of the decree was to insure the Erie Street home and, given that it had no mortgage obligation remaining when Gary died, no breach occurred, and (3) Laurene was barred from equitable relief because she had unclean hands due to her refusal to sign the Irrevocable Residential Trust Agreement in 2005 and her refusal to return the Mercedes following Gary's death.

Laurene appeals.

II

We review cross-motions for summary judgment de novo. Martinez-Cuevas v. DeRuyter Bros. Dairy, Inc., 196 Wn.2d 506, 514, 475 P.3d 164 (2020). "Thus, we engage in the same inquiry as the trial court." Green v. Normandy Park Riviera Section Cmty. Club, Inc., 137 Wn. App. 665, 681, 151 P.3d 1038 (2007). Summary judgment is properly granted when the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue of

material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c); Hutchins v. 1001 Fourth Ave. Assocs., 116 Wn.2d 217, 220, 802 P.2d 1360 (1991). All reasonable inferences from the evidence must be construed in favor of the nonmoving party. Green, 137 Wn. App. at 681 (citing Lamon v. McDonnell Douglas Corp., 91 Wn.2d 345, 349, 588 P.2d 1346 (1979)). We may affirm the trial court's decision based on any grounds established by the pleadings and supported by the record. Verbeek Props., LLC v. GreenCo Env't, Inc., 159 Wn. App. 82, 90, 246 P.3d 205 (2010).

Here, the estate contends that Laurene's complaint is time barred because any breach of contract occurred when Gary surrendered his life insurance policy on April 23, 2009, and Laurene did not file this action until more than 10 years later, on May 9, 2019. Laurene counters that the statutory limitation period did not commence until Gary's death. Because Laurene was not required to wait for Gary's death to begin an enforcement action, we agree with the trial court's determination that Laurene's complaint is time barred.

A claim arising from a written contract must be brought within six years of the date on which the cause of action accrues. RCW 4.16.040 (1). A cause of action accrues when the injured party has the right to apply to a court for relief. 1000 Virginia Ltd. P'ship v. Vertecs Corp., 158 Wn.2d 566, 575, 146 P.3d 423 (2006). An action for a breach of contract accrues on the date of the breach, not upon the discovery of the breach. 1000 Virginia, 158 Wn.2d at 576-78.[3]

---

[3] A limited exception allows the discovery rule to be applied in contract cases involving latent construction defects. 1000 Virginia, 158 Wn.2d at 578-79; see also Kinney v. Cook, 150 Wn. App. 187, 194, 208 P.3d 1 (2009) (declining to extend discovery rule beyond construction contract context). This is not a latent construction defect case.

5

Laurene avers that she could not have enforced Gary's obligations until his death, because Gary's death necessarily preceded the benefit she would receive as a life insurance beneficiary. However, the agreement did not merely require that Gary provide Laurene with a life insurance benefit upon his death—it obligated him to "retain [Laurene] as beneficiary thereon." See In re Marriage of Sager, 71 Wn. App. 855, 859-60, 863 P.2d 106 (1993) (provision in dissolution decree requiring father to make children insurance beneficiaries also required that he maintain children as beneficiaries). Laurene was free to enforce the contract as soon as Gary failed to so provide. See In re Marriage of Coyle, 61 Wn. App. 653, 663, 811 P.2d 244 (1991) (requirement that husband maintain life insurance policy was "in the nature of a contract provision which may be enforced").

The cause of action accrued at the time that Gary surrendered his life insurance policy, in breach of his obligation to Laurene. That Laurene took no steps to monitor Gary's compliance with his obligation or to otherwise discover the breach until after Gary's death does not nullify the validity of the statutory limitation period.

Because the breach of contract occurred more than 10 years before Laurene commenced this action, the action is time barred.

III

Laurene contends that the trial court erred by awarding attorney fees to the estate. Because Laurene does not show that the trial court abused its

6

discretion in ordering attorney fees or allocating the amount of attorney fees awarded, we affirm the trial court's determinations.

Trial courts have broad discretion to award attorney fees in estate actions. RCW 11.96A.150(1)(a). We review the trial court's award of fees for abuse of discretion. In re Estate of Evans, 181 Wn. App. 436, 451, 326 P.3d 755 (2014). "Discretion is abused when it is exercised in a manner that is manifestly unreasonable, on untenable grounds, or for untenable reasons." In re Estate of Lowe, 191 Wn. App. 216, 239, 361 P.3d 789 (2015).

Here, the trial court ordered Laurene to pay the estate's attorney fees because it determined that her claim lacked merit. Because Laurene's claim was barred by the statute of limitations, it was clearly not meritorious. Accordingly, the trial court did not abuse its discretion by awarding attorney fees to the estate.

Laurene also avers that the trial court abused its discretion in determining the amount of attorney fees to which the estate was entitled. The record demonstrates that the trial court individually considered Laurene's objections to fee requests submitted by the estate's counsel and denied those requests that sought recompense for administrative or duplicative work. Accordingly, the amount of attorney fees awarded by the trial court was not the result of an abuse of discretion. We thus affirm the trial court's award.

IV

The estate and Laurene each request an award of reasonable attorney fees on appeal, pursuant to RCW 11.96A.150. This statutory provision grants broad discretion in awarding attorney fees both at trial and on appeal. As the trial

7

court correctly determined, Laurene's time barred claim is without merit. Nevertheless, the estate has once again been forced to incur attorney fees to defend against the claim. We grant the estate an award of reasonable attorney fees for work done on this appeal. A commissioner of our court will enter an appropriate award upon proper application.

Affirmed.

Dwyer, J.

WE CONCUR:

Brennan, J.          Andrus, A.C.J.