IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ROBERT W. COONEY,<br><br>               Respondent,<br><br>        v.<br><br>HILLARY A. BROOKS,<br><br>               Appellant. | No. 86951-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — Hillary Brooks appeals from the trial court's denial of her motion to compel arbitration of her claims against her former spouse, Robert Cooney. The trial court determined that arbitration was prohibited by res judicata and law of the case and that Brooks had waived her right to arbitrate. We agree that Brooks waived her right to arbitrate through her litigation conduct. Accordingly, we affirm the trial court and award Cooney his attorney fees.

FACTS

This is the second appeal arising from the parties' dissolution. Our opinion in the prior appeal presented the underlying facts in this case, which we repeat only as necessary. In re Marriage of Cooney & Brooks, No. 84720-1-I (Wash. Ct. App. Nov. 27, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/847201.pdf. During the parties' dissolution proceeding, Brooks moved to compel discovery of trust documents after Cooney testified in his deposition that he was the trustee for his grandmother's trust. Cooney, slip op. at 2. "On April 30, 2021, the trial court granted Brooks's motion to

compel and ordered Cooney to produce responsive documents within 30 days." Id. at 3. On May 25, before Cooney's production deadline, the parties signed a Civil Rule (CR) 2A separation contract and property settlement agreement. Id.

Over one year later, Brooks filed a motion to vacate the dissolution decree under CR 60(b)(4) and (b)(11). Brooks alleged that the decree "was procured by fraud, misrepresentation, or other misconduct because Cooney hid that he was the 'sole beneficiary' of his grandmother's trust" and that "Cooney's failure to divulge information about the trust was a violation of his fiduciary duty to disclose all assets to her during dissolution proceedings." Id. at 4-5 (footnote omitted). Brooks based these claims on her alleged discovery in July 2022 of tax records from Placer County, California, and Skagit County, Washington, as well as bank accounts held by the trust. Cooney, slip op. at 5. The trial court denied the motion and Brooks appealed. Id.

This court affirmed the trial court's denial of the motion to vacate. Id. at 2. We summarized our analysis as follows:

> Contrary to Brooks's contention, the trust created a 'mere expectancy' rather than a property interest, and therefore, Cooney did not breach his fiduciary duty by failing to disclose it. Although Cooney should have disclosed the trust in the spirit of transparency—and was required to disclose it in response to Brooks's initial discovery requests—Brooks's knowledge of Cooney's beneficiary status and her subsequent signing of the CR 2A agreement days before Cooney's deadline to produce the trust documents eliminated the requirement that Cooney disclose his interest in the trust. Moreover, the court did not err by not explicitly considering whether the trust interest affected Cooney's economic circumstances because the court found that the interest was immaterial to the parties' settlement agreement.

Id. at 6.

After this court issued its opinion, Brooks served Cooney with a demand for arbitration of her claims of "breach of contract and breach of the covenant of the implied

duty of good faith and fair dealing relating to" the CR 2A agreement, asserting that "Cooney did not make the contractually-required disclosures" about his grandmother's trust and his "control" thereof. As in her CR 60 motion, Brooks alleged she discovered this information "[b]eginning July 2022."[1] Cooney then filed a motion in superior court to have Brooks's claims declared not arbitrable based on res judicata and the law of the case. Brooks moved to strike Cooney's motion and simultaneously moved to compel arbitration. The court struck Cooney's motion and directed him to respond to the motion to compel.

Following oral argument from the parties, the trial court ruled that Brooks's claims were not arbitrable and denied her motion. The court also ruled that Brooks's demand for arbitration "is based on (1) the same subject matter, (2) the same cause of action, (3) the same persons or parties, and (4) the same quality of persons for or against whom the decision is made as did a prior adjudication." The court also concluded that Brooks's

> Demand for Arbitration is barred by waiver by [Brooks] by litigating the CR2A in the CR 60 motion, and is barred by law of the case and res judicata, as the issues on which her demand for arbitration are based were previously decided by Washington Court of Appeals Div. 1.

The trial court awarded Cooney attorney fees in the amount of $6,076.00 for having to oppose the demand for arbitration.

Brooks appeals.

---

[1] Although Brooks asserts that the claims she wished to arbitrate were based on new evidence, her demand for arbitration does not reflect this.

ANALYSIS

I.     Waiver of Arbitration

"We review a trial court's denial of a motion to compel arbitration de novo." Cox v. Kroger Co., 2 Wn. App. 2d 395, 403, 409 P.3d 1191 (2018). The right to arbitrate under an agreement may be waived by "conduct inconsistent with any other intent and 'a party to a lawsuit who claims the right to arbitration must take some action to enforce that right within a reasonable time.' " Otis Hous. Ass'n, Inc. v. Ha, 165 Wn.2d 582, 588, 201 P.3d 309 (2009) (quoting Lake Wash. Sch. Dist. No. 414 v. Mobile Modules Nw, Inc., 28 Wn. App. 59, 64, 621 P.2d 791 (1980)).

Brooks asserts that the trial court did not have the authority to determine whether she had waived her right to arbitration. "An arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled and whether a contract containing a valid agreement to arbitrate is enforceable." RCW 7.04A.060(3). However, contrary to Brooks's assertion, whether a party has waived their right to arbitration by choosing to litigate is a decision for the court, rather than the arbitrator. River House Dev. Inc. v. Integrus Architecture, P.S., 167 Wn. App. 221, 232, 272 P.3d 289 (2012) ("For multiple reasons, we hold that litigation-conduct waiver should be an issue for the court.").

"Courts must indulge every presumption in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Verbeek Properties, LLC v. GreenCo Env't., Inc., 159 Wn. App. 82, 87, 246 P.3d 205 (2010). The party alleging waiver has the burden to overcome this presumption. River House, 167 Wn. App. at 237.

4

"Nevertheless, we will find waiver if the facts support such a finding." Saili v. Parkland Auto Ctr., Inc., 181 Wn. App. 221, 225, 329 P.3d 915 (2014).

The trial court ruled that Brooks waived her right to arbitrate by litigating the validity of the CR 2A agreement in her CR 60 motion and subsequent appeal.[2] We agree. When Brooks learned of Cooney's alleged nondisclosure of assets in July 2022, she elected to file a CR 60 motion rather than invoke her right to arbitration. Brooks admitted in her declaration that she opted for this course of action because of shorter time limits under CR 60 compared to bringing a separate breach of contract claim. When the trial court denied her motion, Brooks then elected to pursue an appeal. At no time during this process did Brooks announce her intent to pursue arbitration. It was only after Brooks lost on appeal that she attempted to invoke the arbitration clause in the CR 2A agreement.

Brooks asserts that her decision to litigate her CR 60 motion cannot constitute waiver of her right to arbitrate because the claims she brought in the earlier motion differ from those she seeks to arbitrate. Specifically, Brooks points to her differing requests for relief: whereas in the CR 60 motion, she sought to vacate the CR 2A agreement, she now seeks to enforce the CR 2A agreement through claims for breach of contract and breach of the duty of good faith and fair dealing. In support of her argument, Brooks relies upon our decision in Verbeek, 159 Wn. App. 82.

In Verbeek, we held that the property owner's earlier attempt to have a lien dismissed as frivolous under RCW 60.04.081(1) did not demonstrate waiver of its right

---

[2] Although Brooks asserts that Cooney waived this argument, "[w]e may affirm on any basis supported by the record whether or not the argument was made below." Bavand v. OneWest Bank, 196 Wn. App. 813, 825, 385 P.3d 233 (2016) (citing First Bank of Lincoln v. Tuschoff, 193 Wn. App. 413, 422, 375 P.3d 687 (2016)).

to arbitrate its multiple claims against the contractor. 159 Wn. App. at 91. Brooks takes this holding to mean that a party waives its right to arbitrate only by asserting identical causes of action. Brooks misconstrues our opinion. As we stated in Verbeek, "A party who has litigated certain *issues* and lost 'may not later seek to relitigate the same issue in a different forum.' " Id. at 90 (quoting Otis Housing Ass'n, 165 Wn.2d at 588) (emphasis added). The only issues raised by the property owner's motion to dismiss a frivolous lien were "whether the work GreenCo performed on Verbeek's property was an improvement on real property and whether the lien was timely filed." Id. at 91. By contrast, the claims the property owner sought to litigate raised issues about whether the contractor completed the work it agreed to perform, whether the contractor misrepresented its qualifications, and whether the contractor was liable under state law concerning toxic waste sites. Id. at 91-92. Because the legal issues addressed in the lien litigation were distinct from the issues governing the newly asserted claims, there could be no waiver of the right to arbitrate.

Our Supreme Court's opinion in Otis Hous. Ass'n, further demonstrates that the determination of waiver does not merely "consider the face of the pleadings for identical claims," as Brooks suggests in her reply briefing. There, a housing association had a lease with a purchase option. 165 Wn.2d at 585. The owners sued for unlawful detainer, and the association defended by arguing that it had successfully exercised the purchase option. Id. at 585-86. The unlawful detainer court rejected the defense and ruled that the option had expired. Id. at 586. Shortly thereafter, the housing association filed an action to compel arbitration under the option agreement. Id. The trial court declined to compel

6

arbitration, finding that the option agreement had lapsed and, with it, the right to arbitration. Id.

The Supreme Court declined to decide whether the option agreement had lapsed, but instead concluded that the housing association had waived its right to arbitrate by raising the purchase option as a defense in the unlawful detainer action. Id. at 587. Notably, the court rejected the association's argument that "it waived no rights because the show cause hearing in an unlawful detainer action is limited to resolving questions of possession and the judge lacked the authority to compel arbitration." Id. That the association could not bring an affirmative claim for relief in the unlawful detainer action was immaterial to the question of waiver. Id. at 587-88. Rather, the court held that the association waived its right to arbitrate by "raising as a defense the very same *issue* it now seeks to arbitrate: whether the option to purchase had been properly exercised." Id. at 588 (emphasis added).

This case is more akin to Otis Hous. Ass'n than Verbeek. In her CR 60 motion, Brooks argued that Cooney owned and/or controlled property held by his grandmother's trust and that, by failing to disclose this "property interest" during the dissolution, he had committed fraud and made material misrepresentations warranting vacation of the final decree of dissolution and the CR 2A agreement. In her reply on the motion, Brooks additionally argued that Cooney's failure to disclose constituted a breach of the CR 2A agreement. On appeal, Brooks argued that "the court erroneously concluded that Cooney's interest in the trust was not a 'property' interest" required to be disclosed in the dissolution and that the trial court erred by finding that she knew about the trust

7

before signing the CR 2A agreement. Cooney, slip op. at 6, 16. We rejected those arguments. Id.

In her demand for arbitration, Brooks asserts that Cooney breached the CR 2A agreement and the attendant duty of good faith and fair dealing by failing to make the "contractually-required disclosures" concerning his grandmother's trust. Brooks further asserts that disclosure was contractually required because Cooney "both owned and controlled" property held by his grandmother's trust and that "his control of the assets alone as Successor Trustee triggered the disclosure requirement." As in Otis Hous. Ass'n, where it was immaterial that the housing association did not seek affirmative relief in the unlawful detainer action, but raised a defense, similarly, here, it is immaterial that Brooks asserted different claims and legal theories in her CR 60 motion than she did in her demand for arbitration. The dispositive *issue* in both is the same—whether Cooney had a property interest in his grandmother's trust that he was obligated to disclose during the dissolution proceeding. Brooks chose to litigate that issue in the CR 60 motion and subsequent appeal. Just as in Otis Hous. Ass'n, "[h]aving lost that issue, [she] may not later seek to relitigate the same issue in a different forum." 165 Wn.2d at 588.

The trial court correctly ruled that Brooks waived her right to arbitrate by conduct inconsistent with that intent, i.e., electing to litigate in superior court and the court of appeals for two years. Because we hold that Brooks waived her right to arbitrate, we need not decide whether res judicata or the law of the case also precluded arbitration of Brooks's claims.

        II.        Due Process and Appearance of Fairness

Brooks asserts that the trial court violated her right to due process by dismissing her claims on their merits, rather than merely declining to allow arbitration and issuing a case schedule to allow litigation on the merits.[3] This argument fails for two reasons.

First, the determination of waiver examines a party's conduct, not the merits of the underlying claims. See Otis Hous. Ass'n, 165 Wn.2d at 588 (arbitration may be waived by "*conduct* inconsistent with any other intent") (emphasis added). Thus, ruling that Brooks waived her right to arbitration did not require the trial court to examine the merits of Brooks's claim.[4]

Second, there were no pending claims for the trial court to allow Brooks to litigate. For the trial court to issue a case schedule, as Brooks now asserts was constitutionally necessary, Brooks would first need to file a complaint. See KING COUNTY SUPER. CT. LOCAL CIVIL RULE 4(a). However, Brooks never filed a complaint in superior court. Instead, Brooks filed her motion to compel arbitration in the pre-existing dissolution action. Upon determining that she waived her right to arbitration, there was nothing left for the trial court to adjudicate in the existing action. Brooks received all the process she was due on her motion to compel arbitration.

Brooks also claims that the trial court violated the appearance of fairness because she "was unfairly castigated at oral argument," the trial court struck her

---

[3] Brooks also asserts that the trial court improperly realigned the parties and forced her to disprove Cooney's motion. However, the trial court struck Cooney's motion upon Brooks's request. The only motion pending before the court was Brooks's motion to compel. As Brooks filed the motion, the court properly treated her as the proponent.

[4] To the extent that the trial court's determination that the arbitration was barred by res judicata or law of the case addressed the merits of Brooks's claims, any error is harmless, as denial of the motion to compel arbitration was warranted solely on the basis of waiver.

9

pleadings, treated her as the motion proponent, "conducted a prohibited merits determination," and dismissed her claims. We disagree.

"Under the appearance of fairness doctrine, a judicial proceeding is valid only if a reasonably prudent and disinterested person would conclude that all parties obtained a fair, impartial, and neutral hearing." In re Marriage of Meredith, 148 Wn. App. 887, 903, 201 P.3d 1056 (2009) (citing State v. Bilal, 77 Wn. App. 720, 722, 893 P.2d 674 (1995)). We presume the trial court performs its functions without bias or prejudice. Id. (citing Wolfkill Feed & Fertilizer Corp. v. Martin, 103 Wn. App. 836, 840, 14 P.3d 877 (2000)). In support of her assertion that she was "unfairly castigated at oral argument," Brooks points solely to the trial court's admonishment to her for not submitting working copies of her motion to shorten time. This admonishment was immediately followed by the trial court similarly admonishing Cooney's counsel for failing to submit working copies. Rather than violating the appearance of fairness, the trial court's admonishments demonstrate that it treated both parties fairly and equally.

Further, although the trial court technically struck Brooks's motion to file an overlength brief, the court noted that it read everything brought to the court's attention, including Brooks's overlength brief and reply. And, as discussed above, the trial court did not realign the parties, conduct a merits determination, or dismiss any of Brooks's claims. In sum, Brooks fails to overcome the presumption that the trial court acted fairly and without bias.

III.     Motion for Sanctions and Motion to Disqualify Counsel

After submitting her reply brief, Brooks filed a motion for sanctions under RAP 18.9(a) against Cooney for:

10

> (1) maintaining frivolous positions on appeal; (2) maintaining a right to affirmance precluding Brooks' Demand claims based on the CR 60 proceeding in which Cooney concedes he committed misconduct; (3) failing to correct false statements of law and fact made by counsel on Cooney's behalf; and (4) committing and attempting to commit fraud on this Court.

A court may award sanctions under RAP 18.9 against a party "who uses these rules for the purpose of delay, files a frivolous appeal, or fails to comply with" court rules.

Brooks has not demonstrated any basis for this court to impose sanctions against Cooney. As we affirm the trial court's ruling in Cooney's favor, Cooney's arguments in his response brief cannot be considered frivolous. And it is not misconduct for respondent's counsel to advance a different interpretation of a case than the one held by appellant or to omit citations to factually dissimilar cases.[5]

Finally, Brooks's assertion that counsel made false statements and attempted to commit fraud is based on her incorrect assumption that an affidavit of change of trustee demonstrated his ownership of the trust.[6] This court held in the prior appeal that a nearly identical affidavit filed in California did *not* demonstrate an ownership interest in the trust:

> Brooks argues on appeal that Cooney's interest had vested because he later became sole trustee and "settlor." Brooks appears to rely on a single sentence from an affidavit of change of trustee, which states,
>
> > The name(s) of the settlor(s) of the Trust is (are): Robert W. Cooney, Successor Trustee

---

[5] Brooks devotes much of her motion for sanctions to her argument that Cooney's motion for an order to declare Brooks's claims non-arbitrable was without merit. Cooney's motion was stricken by the trial court, and that order has not been challenged on appeal. Brooks provides no authority supporting an award of sanctions by this court for conduct that occurred solely in the trial court.

[6] Brooks states in her motion for sanctions that "the December 2020 affidavit is incontrovertible evidence that Cooney knew he owned and controlled assets before the parties entered the PSA and Cooney had used the affidavit to successfully transfer assets to himself as owner." She further contends that "because Cooney's defenses rest entirely on the CR 60 result, which in turn rests on his concededly false claim of a revocable interest uncertain to vest, the false statements are material to this appeal."

11

But the document also refers to Carmelina and Peter as "previous trustees"—not "previous settlors"—and Brooks does not explain how Cooney could become a co-settlor of the trust without a modification of the trust instrument. We disagree with Brooks's argument that a change in successor trustee resulted in a vested interest.

Cooney, slip op. at 12 n.4. Brooks's argument that Cooney's reliance on our prior opinion somehow amounts to misconduct is disingenuous at best.

Brooks's motion to disqualify Cooney's counsel is similarly disingenuous. In her motion, Brooks asserts that there is a conflict of interest between Cooney and his counsel because his response to her motion for sanctions "asks, among other terms, that they be held jointly and severally liable for compensatory damages arising from litigation misconduct." Cooney's response to Brooks's motion for sanctions contains no such request. Instead, Cooney's response contends that sanctions are warranted only against Brooks. There is no conflict of interest between Cooney and his counsel.

We deny both Brooks's motion for sanctions and her motion to disqualify counsel. We also deny Cooney's request for sanctions.

IV.    Attorney Fees

Brooks contends that the trial court erred by awarding attorney fees to Cooney. The sole basis for her argument is her assertion that the trial court should have granted her motion to compel arbitration. Because the trial court correctly denied Brooks's motion to compel, it did not err by awarding attorney fees to Cooney.

Both Brooks and Cooney request an award of fees on appeal. RAP 18.1 allows us to award reasonable attorney fees or expenses "[i]f applicable law grants to a party the right to recover" such attorney fees or expenses. The CR 2A agreement signed by the parties states that "[i]n any action or proceeding relating to this Agreement, whether

for specific enforcement, damages or other remedy, the prevailing Party shall be entitled to an award of reasonable attorney fees, expert fees, or other costs reasonably incurred in such action or proceeding." Cooney is the prevailing party in this appeal and is therefore entitled to an award of fees. Because Brooks is not the prevailing party, we decline her request for an award of fees.

We award Cooney reasonable fees in responding to this appeal and to Brooks's motions on appeal under RAP 18.1, contingent upon his compliance with the applicable procedural requirements.

Affirmed.

_Chung, J._

WE CONCUR:

_Birk, J._                    _Hazelrigg, J._