# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| CANAL STATION NORTH CONDOMINIUM ASSOCIATION, a Washington nonprofit corporation, | ) ) ) ) |
| Respondent, | ) ) ) |
| v. | ) ) |
| BALLARD LEARY PHASE II, LP, a Washington limited partnership; BRCP/CPI PHASE II, LLC, a Washington limited liability company; CONTINENTAL PACIFIC INVESTMENTS REAL ESTATE FUND 1, LP, a Washington limited partnership; CPI FUND 1, LLC, a Washington liability company; CONTINENTAL PROPERTIES, LLC, a Washington limited liability company; CLAUDIO GUINCHER and JANE DOE GUINCHER, individually and the marital community comprised thereof; and DON BOWZER and JANE DOE BOWZER, individually and the marital community compromised thereof, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Appellants, | ) ) ) |
| DOE AFFILIATES 1-50; DOE PRINCIPALS 1-10; DOE DECLARANT BOARD MEMBERS 1-10; DOE CONTRACTORS 1-20; DOE DECLARANT AGENTS 1-10; DOE TRANSFEREES 1-50; UPONOR, INC., an Illinois corporation; DAHL BROTHERS CANADA, LTD, a Canadian corporation; BRASS-CRAFT MANUFACTRUING COMPANY, a Michigan corporation; DOE MANUFACTURING COMPANIES 1-20; doe distributing companies 1-20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

No. 69500-2-I

ORDER GRANTING
MOTION TO PUBLISH

The appellants, Ballard Leary Phase II LP, BRCP/CPI Phase II LLC, Continental Pacific Investments Realestate Fund I LP, CPI Fund I LP, Continenttal Properties LLC, Claudio Guincher, Jane Doe Guincher, Don Bowzer, and Jane Doe Bowzer, have filed a motion to publish. The respondent, Canal Station North Condominium Association, has filed a response. A panel of the court has reconsidered its prior determination not to publish the opinion filed for the above entitled matter on December 23, 2013, and has found that it is of precedential value and should be published. Now, therefore it is hereby

ORDERED that the written opinion filed December 23, 2013, shall be published and printed in the Washington Appellate Reports.

DATED this 3ʳᵈ day of February , 2014.

Appelwick
Judge

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

CANAL STATION NORTH
CONDOMINIUM ASSOCIATION, a
Washington nonprofit corporation,

Respondent,

v.

BALLARD LEARY PHASE II, LP, a
Washington limited partnership; BRCP/CPI
PHASE II, LLC, a Washington limited
liability company; CONTINENTAL
PACIFIC INVESTMENTS REAL ESTATE
FUND 1, LP, a Washington limited
partnership; CPI FUND 1, LLC, a
Washington liability company;
CONTINENTAL PROPERTIES, LLC, a
Washington limited liability company;
CLAUDIO GUINCHER and JANE DOE
GUINCHER, individually and the marital
community comprised thereof; and DON
BOWZER and JANE DOE BOWZER,
individually and the marital community
compromised thereof,

Appellants,

DOE AFFILIATES 1-50; DOE
PRINCIPALS 1-10; DOE DECLARANT
BOARD MEMBERS 1-10; DOE
CONTRACTORS 1-20; DOE
DECLARANT AGENTS 1-10; DOE
TRANSFEREES 1-50; UPONOR, INC., an
Illinois corporation; DAHL BROTHERS
CANADA, LTD, a Canadian corporation;
BRASS-CRAFT MANUFACTRUING
COMPANY, a Michigan corporation; DOE
MANUFACTURING COMPANIES 1-20;
doe distributing companies 1-20,

Defendants.

No. 69500-2-I

DIVISION ONE

PUBLISHED OPINION

FILED: December 23, 2013

APPELWICK, J. — The Association sued Ballard Leary and several other defendants for alleged construction defects. Before filing an answer, Ballard Leary filed a CR 12(b)(6) motion to dismiss two of the Association's claims for lack of standing and two other claims as premature. When the trial court denied the motion, Ballard Leary moved to compel arbitration pursuant to RCW 64.55.100 of the Washington Condominium Act. The trial court issued an order striking Ballard Leary's arbitration demand, finding that Ballard Leary waived arbitration. We hold that the motion under CR 12(b)(6) did not constitute a waiver of the right to arbitrate and that arbitration was timely demanded as to the claims against the statutory declarants. Arbitration was properly denied as to the remaining claims and parties to the lawsuit. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## FACTS

This lawsuit arises from alleged construction defects in the Canal Station North Condominium development at 5450 Leary Avenue in Seattle, Washington. The Canal Station North Condominium Association (Association) filed its first amended complaint on May 15, 2012, alleging several causes of action: (1) breach of implied warranty of quality under the Washington Condominium Act (WCA), chapter 64.34 RCW; (2) breach of implied warranty of habitability; (3) breach of express warranty and contract;(4) negligent misrepresentations; (5) breach of fiduciary duty; (6) violation of the Washington Consumer Protection Act (CPA), chapter 19.86 RCW; (7) and disgorgement of fraudulent transfers.

2

The Association named several defendants: Ballard Leary Phase II LP (Ballard Leary, the statutory declarant[1]); BRCP/CPI Phase II LLC (general partner of the declarant); Continental Pacific Investments Real Estate Fund I LP (managing partner of BRCP/CPI); CPI Fund I LLC (general partner of Continental Pacific); Continental Properties LLC (manager of CPI Fund); Claudio Guincher (served on Association board of directors) and Jane Doe Guincher; Don Bowzer (same) and Jane Doe Bowzer;[2] as well as other unidentified alter egos, unknown affiliates, and asset transferees of the declarant. The Association referred to BRCP/CPI, Continental Pacific Investments, CPI Fund, and Continental Properties collectively as "Continental."

The Association also alleged that three out-of-state corporations—Uponor Inc., Dahl Brothers Canada LTD, and Masco Corp.—"designed, manufactured, supplied, and/or distributed defective component parts of plumbing systems installed" at Canal Station. The Association referred to these three corporations collectively as "manufacturer defendants."

---

[1] "Declarant" means

(a) Any person who executes as declarant a declaration as defined in subsection (17) of this section; or (b) Any person who reserves any special declarant right in the declaration; or

(c) Any person who exercises special declarant rights or to whom special declarant rights are transferred; or

(d) Any person who is the owner of a fee interest in the real property which is subjected to the declaration at the time of the recording of an instrument pursuant to RCW 64.34.316 and who directly or through one or more affiliates is materially involved in the construction, marketing, or sale of units in the condominium created by the recording of the instrument.

RCW 64.34.020(15).

[2] All the aforementioned defendants are appellants here. We refer to them collectively as "Ballard Leary."

3

Ballard Leary filed a notice of appearance, but did not file an answer. Nor did any party conduct discovery. Instead, on July 6, 2012 Ballard Leary filed a CR 12(b)(6) motion to dismiss four of the Association's claims: violation of the CPA, negligent misrepresentation, alter ego liability, and disgorgement of fraudulent transfers. Ballard Leary claimed that the Association lacked standing to assert CPA violations and negligent misrepresentation. Ballard Leary also argued that the Association's alter ego liability and fraudulent transfer claims were premature and should be dismissed without prejudice unless and until the Association prevailed on its claim for damages. In the alternative, Ballard Leary requested that the trial court bifurcate the case and stay the premature issues until the Association established liability and damages.

On August 3, 2012, the trial court denied Ballard Leary's CR 12(b)(6) motion. Four days later, on August 7, 2012, Ballard Leary and the Continental defendants filed a demand for arbitration pursuant to RCW 64.55.100. The demand encompassed "any and all claims related to all of the above-captioned parties (plaintiff and defendants)." The Association moved to strike the arbitration demand, arguing that Ballard Leary waived arbitration by demonstrating intent to litigate. The Association also asserted that certain defendants were not entitled to demand arbitration.

On August 21, 2012, the trial court issued an order denying Ballard Leary's arbitration demand. The court found that the defendants "evidenced a clear intent to litigate the claims herein, rather than arbitrate them under RCW 64.55.100." The court entered specific findings:

> (1) defendants' CR 12(b)(6) motion sought to narrow specific liability issues for trial while expressly leaving others for determination by the trier of fact;

4

(2) defendants' motion sought to stage the litigation in an alternative motion for bifurcating the trial of liability and damages from the trial of alter ego and Uniform Fraudulent Transfers Act[, chapter 19.40 RCW,] claims;

(3) prior to losing those motions, defendants made no effort to invoke or preserve the arbitration forum;

(4) defendants' briefing references "jury confusion" as a basis for bifurcating or dismissing specific claims; and

(5) granting the defendants' demand for arbitration, coming as it did only after defendants lost a motion intended to shape the posture of the litigation at trial, would tend to promote improper forum shopping.

Therefore, the trial court concluded "that defendants impliedly waived arbitration by their conduct, the timing of their motions practice and demand, and their express representations to the court."

The trial court further found that:

[D]efendants CPI Fund 1, LP; Continental Properties LLC; Claudio Guincher, Jane Doe Guincher; Don Bowzer and Jane Doe Bowzer are not alleged or shown to be declarants having a right to invoke arbitration under RCW 64.55.100, and are not alleged or shown to be subcontractors or material suppliers who may be brought into a statutory arbitration proceeding under RCW 64.55.150. Accordingly, it is not proper to refer cases against them to arbitration.

The court added, "Other manufacturer defendants likewise do not fall within the statutory reference to 'parties.'"

Ballard Leary moved for reconsideration. In the alternative, Ballard Leary requested that the trial court certify the issue for immediate appeal. The trial court denied both requests.

Ballard Leary subsequently filed a notice for discretionary review with this court, requesting review of the order denying its arbitration demand and the order denying its

motion for reconsideration. Our commissioner concluded that the trial court's decision denying arbitration is appealable as a matter of right under RAP 2.2(a)(3).

## DISCUSSION

Ballard Leary argues that the trial court erred in denying its arbitration demand and finding that it waived the right to arbitrate under RCW 64.55.100 by filing a CR 12(b)(6) motion to dismiss. Ballard Leary also contends that the trial court erred in ruling that not all the defendants are subject to arbitration under RCW 64.55.100 and RCW 64.55.150. The Association moved to strike the appendix from Ballard Leary's reply brief, to which Ballard Leary objected.

RCW 64.55.100(1) provides:

> If the declarant, an association, or a party unit owner demands an arbitration by filing such demand with the court not less than thirty and not more than ninety days after filing or service of the complaint, whichever is later, the parties shall participate in a private arbitration hearing. The declarant, the association, and the party unit owner do not have the right to compel arbitration without giving timely notice in compliance with this subsection. Unless otherwise agreed by the parties, the arbitration hearing shall commence no more than fourteen months from the later of the filing or service of the complaint.

This provision is part of the WCA and creates the arbitration right in dispute here.

### I. Waiver of Arbitration

Ballard Leary contends that it could not waive arbitration as a matter of law, because RCW 64.55.100 creates a mandatory, unwaivable right to arbitrate. In the alternative, Ballard Leary argues that even if it could waive arbitration by its conduct, it did not do so. Specifically, Ballard Leary contends that its CR 12(b)(6) motion to dismiss was a procedural motion that did not go to the merits of the case. Ballard Leary emphasizes that it demanded arbitration within 90 days of the service of the complaint

and within a reasonable time after the trial court denied its motion to dismiss. We first address whether Ballard Leary waived arbitration by its conduct.

We review denial of a motion to compel arbitration de novo. Verbeek Props., LLC v. GreenCo Envtl., Inc., 159 Wn. App. 82, 86, 246 P.3d 205 (2010). The party opposing arbitration bears the burden of showing the arbitration clause is inapplicable or unenforceable. Id. at 86-87. Washington has a strong public policy favoring arbitration. Heights at Issaquah Ridge Owners Ass'n v. Burton Landscape Grp., Inc., 148 Wn. App. 400, 405, 200 P.3d 254 (2009). We must indulge every presumption in favor of arbitration, whether the issue is construction of an arbitration clause or allegation of waiver, delay, or another defense to arbitrability. Verbeek Props., 159 Wn. App. at 87.

Waiver is the voluntary and intentional relinquishment of a known right. Id. Waiver of an arbitration clause may be accomplished expressly or by implication. Lake Wash. Sch. Dist. No. 414 v. Mobile Modules Nw., Inc., 28 Wn. App. 59, 62, 621 P.2d 791 (1980). However, waiver "cannot be found absent conduct inconsistent with any other intention but to forego a known right." Id. Put another way, a party waives its right to arbitrate if it elects to litigate instead of arbitrate. Otis Hous. Ass'n, Inc. v. Ha, 165 Wn. 2d 582, 588, 201 P.3d 309 (2009).

The determination of whether a party waived arbitration by conduct depends on the facts of the particular case and is not susceptible to bright line rules. River House Dev. Inc. v. Integrus Architecture, PS, 167 Wn. App. 221, 237, 272 P.3d 289 (2012). In Otis Housing, the Washington Supreme Court held that Otis Housing Association (OHA) waived arbitration by its conduct. 165 Wn.2d at 588. OHA leased a hotel from John and Min Ha with a purchase option. Id. at 584-85. OHA announced its intent to

7

exercise the option, but no sale closed before the option expired. Id. at 585. Then, after OHA failed to pay rent for six months, the Has brought an unlawful detainer action. Id. In a show cause hearing, OHA argued that it timely exercised the purchase option. Id. at 585-86. Only after the trial court disagreed, did OHA move to compel arbitration. Id. at 586. The Supreme Court held that OHA's conduct of arguing that it exercised the option as a defense to the unlawful detainer action was completely inconsistent with its intent to arbitrate. Id. at 588. "Having lost that issue, [OHA] may not later seek to relitigate the same issue in a different forum." Id.

Similarly, in River House, the party demanding arbitration already attended an in-person status conference with the assigned judge, agreed to a trial schedule and date, exchanged a trial witness list with the opposing party, participated in formal discovery, and represented to the court that it was preparing for trial. 167 Wn. App. at 238-39. This amounted to conduct inconsistent with any other intent but to forgo arbitration. Id. at 239. Conversely, in Verbeek Properties, Verbeek's preliminary attempt to remove a lien was not an election to litigate instead of arbitrate. 159 Wn. App. at 92. Verbeek's motion to dismiss the lien as frivolous raised different issues than those it later sought to arbitrate. Id. at 91-92. In essence, a party to a lawsuit who claims the right to arbitrate mus t take some action to enforce that right within a reasonable time. Otis Housing, 165 Wn.2d at 588.

The Washington Supreme Court recently applied this rule in Townsend v. Quadrant Corp., 173 Wn.2d 451, 463, 268 P.3d 917 (2012). There, homeowners sued Quadrant, as well as its parent companies Weyerhaeuser Real Estate Company (WRECO) and Weyerhaeuser Company (Weyerhaeuser), alleging shoddy workmanship

in building their homes. Id. at 453-54. Shortly after receiving notice of the lawsuit, WRECO and Weyerhaeuser moved for summary judgment. Id. at 454. They argued that, aside from the parent-subsidiary relationship with Quadrant, neither of them had any connection to the plaintiffs or their houses. Id. The superior court denied the motion. Id. WRECO and Weyerhaeuser then moved to compel arbitration. Id. at 455. On appeal, we held that WRECO's and Weyerhaeuser's motion for summary judgment did not waive their right to arbitrate. Id.

The Washington Supreme Court affirmed this court and held that WRECO's and Weyerhaeuser's conduct did not evince intent to waive arbitration. Id. at 463. They moved to compel arbitration promptly after the superior court denied their motion for summary judgment. Id. And, their summary judgment motion dealt only with their assertions that they had no connection to the lawsuit. Id. The court distinguished these facts from Naches Valley Sch. Dist. No. JT3 v. Cruzen, 54 Wn. App. 388, 395-96, 775 P.2d 960 (1989). Townsend, 173 Wn.2d at 462. In that case, teachers waived arbitration when they prevailed on a substantive summary judgment motion disputing the meaning of their collective bargaining agreement. Id. at 462-63. The Townsend court emphasized that, in contrast, WRECO and Weyerhaeuser moved to compel arbitration promptly after the superior court denied their motion for summary judgment. Id. at 463.

In its CR 12(b)(6) motion, Ballard Leary asked the trial court to (1) dismiss the Association's CPA and negligent misrepresentation claims for lack of standing and (2) dismiss without prejudice the alter ego liability and fraudulent transfer claims as premature (or, alternatively, bifurcate and stay those claims). Townsend controls on the

standing issue. Ballard Leary disputed whether the Association could bring certain claims. Without standing, the Association would not be the proper party to bring suit on those claims nor to arbitrate them. See Ullery v. Fulleton, 162 Wn. App. 596, 604, 256 P.3d 406 (2011) ("[T]he claims of a plaintiff determined to lack standing are not his or hers to assert and cannot be resolved in whole or in part on the merits."). This is comparable to WRECO's and Weyerhaeuser's argument that they were not proper parties to the lawsuit. Townsend, 173 Wn.2d at 462-63. Such conduct did not waive arbitration there and neither does it waive arbitration here.

The question is then whether Ballard Leary waived arbitration by asking the court to dismiss or stay claims as premature. Ballard Leary argued in its CR 12(b)(6) motion that the alter ego and fraudulent transfer issues were secondary to the Association's claim for damages and should be dismissed without prejudice until the Association actually prevailed on its claim for damages. In the alternative, Ballard Leary asked the trial court to exercise its authority under CR 42(b) to bifurcate the case and stay the premature issues. Ballard Leary analyzed the CR 42(b) factors for bifurcating a case: "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim." CR 42(b). In this analysis, Ballard Leary discussed jury confusion and trial expediency as a basis to bifurcate.

We must indulge every presumption in favor of arbitration. Discussing jury confusion and trial expediency is consistent with making a CR 42(b) argument to bifurcate, and not necessarily consistent with intent to waive arbitration. The arbitration right available under the statute involved less than all the parties and less than all of the

claims. A motion to dismiss other parties or claims, stay those claims, or bifurcate the proceedings would be compatible with the exercise of that arbitration right.[3] Such a motion does not necessarily suggest waiver.

Moreover, seeking to compel arbitration after losing on bifurcation is not the type of forum shopping at issue in Otis Housing. Only after losing on the merits did OHA seek to compel arbitration. Otis Housing, 165 Wn.2d at 586. In contrast, Ballard Leary lost on a preliminary procedural motion and then immediately sought to compel arbitration. Requesting dismissal without prejudice or bifurcation does not go to the merits of alter ego liability or fraudulent transfers. This is analogous to Townsend.

Ballard Leary also did not evince other intent to litigate rather than arbitrate. For instance, it did not file an answer or conduct any discovery. Ballard Leary also moved to compel arbitration only four days after the trial court denied the CR 12(b)(6) motion. There is no dispute that this was within 90 days from service of the complaint, as required by RCW 64.55.100. Otis Housing does not hold that a party must immediately preserve its right to arbitrate. See also Verbeek Props., 159 Wn. App. at 90 (holding that a party does not waive arbitration simply by failing to invoke it in the complaint or answer). Rather, the rule is that a party must take some action to enforce its right to arbitrate within a reasonable time. Otis Housing, 165 Wn.2d at 588. Ballard Leary did so here. Aside from discussing jury confusion and trial expediency as a basis to bifurcate, Ballard Leary evinced no other intent to litigate rather than arbitrate. Best practice would have been for Ballard Leary to preserve its right to arbitrate in its CR

---

[3] Had Ballard Leary been clear with the court about its arbitration rights and intent to invoke them, we have no doubt the trial court would have viewed the issue differently.

12(b)(6) motion. However, we cannot say that Ballard Leary's conduct is consistent with intent to forego its right to arbitrate.

We hold that Ballard Leary did not waive its right to arbitrate under RCW 64.55.100 by filing the CR 12(b)(6) motion to dismiss before seeking to compel arbitration. The trial court erred in refusing to grant the demand for arbitration with the statutory declarants. We reverse. Because Ballard Leary did not waive arbitration by its conduct, we need not decide whether the WCA creates an unwaivable right to arbitrate.[4]

## II.   Proper Declarants Under RCW 64.55.100

Ballard Leary argues that the trial court erred when it ruled that not all the defendants are subject to arbitration, because they are not statutory declarants under RCW 64.55.100. Specifically, the trial court found that defendants CPI Fund, Continental Properties, Guincher, and Bowzer, are not declarants under RCW 64.55.100 and are therefore not proper parties to arbitration. Ballard Leary contends this was error, because the Association alleged in its complaint that these defendants are agents, affiliates, and/or alter egos of the declarant.[5] Ballard Leary argues this constitutes a judicial admission that the defendants are in fact declarants, so the Association should be equitably estopped from arguing to the contrary.

---

[4] Because we do not reach this issue, we need not consider Ballard Leary's argument regarding Satomi Owners Ass'n v. Satomi, LLC, 167 Wn.2d 781, 805, 225 P.3d 213 (2009). Therefore, we do not consider the Association's motion to strike Ballard Leary's Satomi argument. We find it worth noting, however, that RCW 64.55.100(1) clearly contemplates waiver if the party seeking arbitration does not make a timely demand as required by the statute.

[5] The parties do not dispute that Ballard Leary is the statutory declarant.

Ballard Leary points to several paragraphs in the Association's first amended complaint to argue that the Association admitted the defendants are declarants. Two of these paragraphs, by example, state:

> 2.14 Pursuant to RCW 64.34.020(1) and/or RCW 19.40.011(1), all or some of Declarant, Continental, DOE AFFILIATES 1-50 and DOE PRINCIPALS 1-10 are alter egos of one another and/or qualify as "affiliates" of the Declarant, and/or pursuant to RCW 19.40.011(7) qualify as "insiders" of Declarant and one another. As alter egos of Declarant, these defendants are each responsible for all tort, contract, and warranty liabilities alleged herein against the Declarant.

> . . . .

> 2.16 DOE DECLARANT BOARD MEMBERS 1-10 are currently unidentified persons who were appointed by the Declarant and/or its alter egos and owners to serve, as agents of Declarant during the period of declarant control of the Association.

Based on this language, the Association does not allege that CPI Fund, Continental Properties, Guincher, and Bowzer are declarants. Rather, it alleges that they are affiliates, alter egos, and/or agents of the declarant, Ballard Leary. This does not, as Ballard Leary claims, mean that they are themselves declarants. Ballard Leary cites no authority for its proposition that alter egos or agents of the declarant must be joined in arbitration. Nor does Ballard Leary cite any authority supporting its theory that alter egos or agents must be treated the same as the defendant. Thus, we need not consider it. RAP 10.3(a)(6); State v. McNeair, 88 Wn. App. 331, 340, 944 P.2d 1099 (1997) (failure to cite authority constitutes a concession that the argument lacks merit).

In fact, the WCA contemplates limited parties to the arbitration. RCW 64.55.100 specifies: "If the declarant, an association, or a party unit owner demands an arbitration by filing such demand with the court . . . the parties shall participate in a private

13

arbitration hearing." (Emphasis added.) Ballard Leary contends that "the parties" means "all the parties to a lawsuit," not just the declarant, association, and unit owners. However, the statute does not so state. See In re Pers. Restraint of Bovan, 157 Wn. App. 588, 599, 238 P.3d 528 (2010) ("We will not read into the statute words that are not there."). The "parties" most plausibly relates back to the three parties specified in the statute: the declarant, the association, and unit owners. RCW 64.55.100(1). Reading RCW 64.55.100 as a limited arbitration right is supported by the fact that not every claim arising under the WCA can be enforced against only a declarant. For instance, both declarants and dealers[6] can be liable for breach of implied warranties of quality under RCW 64.34.445. Likewise, board members owe fiduciary duties to unit owners under RCW 64.34.308(1).

Furthermore, reading "the parties" as "all parties to a lawsuit" renders another provision of the WCA superfluous. Kilian v. Atkinson, 147 Wn.2d 16, 21, 50 P.3d 638 (2002) ("Statutes must be construed so that all the language is given effect and no portion is rendered meaningless or superfluous."). RCW 64.55.150 provides a mechanism for joining subcontractors and suppliers in arbitration. If those parties to the lawsuit were automatically joined under RCW 64.55.100, as Ballard Leary contends, then RCW 64.55.150 would be meaningless.

CPI Fund, Continental Properties, Guincher, and Bowzer are not declarants. Because they are not declarants, they are not proper parties to the arbitration under RCV̇ 64.55.100. We hold that the trial court did not err in refusing to refer them to

---

[6] "'Dealer' means a person who, together with such person's affiliates, owns or has a right to acquire either six or more units in a condominium or fifty percent or more of the units in a condominium containing more than two units." RCW 64.34.020(14).

14

arbitration. And, notably, the trial court did not exclude BRCP/CPI (general partner of Ballard Leary) and Continental Pacific Investments (managing partner of BRCP/CPI) from arbitration.

III. Manufacturer Defendants

Similarly, Ballard Leary argues that the Association's claims against the manufacturer defendants—Masco, Dahl Brothers, and Uponor—should also be submitted to arbitration. The Association alleged that these three manufacturer defendants "designed, manufactured, supplied, and/or distributed" defective plumbing products. (Emphasis added.) Ballard Leary contends that this brings them within the gamut of RCW 64.55.150.

RCW 64.55.150 provides:

Upon the demand of a party to an arbitration demanded under RCW 64.55.100, any subcontractor or supplier against whom such party has a legal claim and whose work or performance on the building in question becomes an issue in the arbitration may be joined in and become a party to the arbitration.

Based on the Association's complaint, the manufacturer defendants are suppliers whose work on the building is at issue. However, RCW 64.55.150 requires the party asserting a legal claim against the supplier to demand for that supplier to be joined in arbitration: "Upon the demand of a party to an arbitration demanded under RCW 64.55.100, any subcontractor or supplier against whom such party has a legal claim . . . ." (Emphasis added.) To join the manufacturer defendants in arbitration here, the Association, which holds the claim, must make a demand to join them.[7] The

---

[7] See also Mark F. O'Donnell & David E. Chawes, Improving the Construction and Litigation Resolution Process: The 2005 Amendments to the Washington Condominium Act Are a Win-Win for Homeowners and Developers, 29 SEATTLE U. L.

Association has not done so. Because Ballard Leary does not currently have a claim against the manufacturer defendants, it cannot join them in arbitration.[8] Therefore, the trial court did not err in concluding that these defendants were not proper parties to the arbitration based on the status of the pleadings.

IV.    Association's Motion to Strike

The Association moved to strike material from the appendix in Ballard Leary's reply brief, specifically: the declaration of Jennifer Smitrovich, the summary judgment motion from Townsend, and the law review article and legislative reports.

In her declaration, Smitrovich warranted, as an attorney for Ballard Leary and the Continental defendants, that they did not request any discovery, answer any discover, request any depositions, conduct any expert site investigations, file any dispositive motions, or file an answer before demanding arbitration. The Association is correct that this improperly supplements the record without our approval under RAP 9.10 and 9.11. And, regardless, the record already supports Smitrovich's statements. Similarly, the Townsend summary judgment motion provides additional facts outside the two published opinions in that case. We grant the Association's motion to strike Smitrovich's declaration and the Townsend summary judgment motion.

We deny the Association's motion to strike the legislative reports and law review article. Legislative reports may be attached in an appendix under RAP 10.4(c): "If a

---

REV. 515, 533 (2006) ("Upon the demand of a party who has a legal claim against a subcontractor, such subcontractor may be joined in the arbitration if the work performed by the subcontractor is at issue in that proceeding.").

[8] Ballard Leary asserted at oral argument that it has counterclaims against the manufacturer defendants. However, nothing in the record shows that Ballard Leary actually brought counterclaims against the manufacturer defendants.

party presents an issue which requires study of a statute . . . the party should type the material portions of the text out verbatim or include them by copy in the text or in an appendix to the brief." Likewise, the law review article about the WCA did not establish specific facts of this case, but rather "'legislative facts'" that we may consider when determining the constitutionality or interpretation of a statute. See State ex rel. T.B. v. CPC Fairfax Hosp., 129 Wn.2d 439, 453-54, 918 P.2d 497 (1996) (refusing to strike scholarly articles attached in appendices).

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

_Appelwick, J._

WE CONCUR:

_Leach, C.J._            _Cox, J._