IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | |
|---|---|
| JOSEPH D. HARWOOD, Trustee of MONEY TALKS TRUST; MONEY TALKS L.L.C., a Washington limited liability company; and C & H BFB, L.L.C., a Washington limited liability company, | No. 33024-9-III |
| Respondents, | |
| v. | |
| FIRST AMERICAN TITLE INSURANCE COMPANY, a foreign insurance company, | UNPUBLISHED OPINION |
| Respondent, | |
| BEL FRANKLIN APARTMENTS LLC, a Washington limited liability company, | |
| Appellant. | |

FEARING, C.J. — Defendant Bel Franklin Apartments LLC appeals a trial court's

denial of a motion to compel arbitration. Because the covenants controlling the parties'

relationship direct the arbitrator to determine arbitrability, we reverse the trial court and remand for entry of an order staying this lawsuit.

## FACTS

On April 11, 2007, Bell Franklin LLC (Bell Franklin), a Washington limited liability company formed in 2005, created a condominium association, The Bel. Joseph Harwood then served as manager of Bell Franklin. Bell Franklin must be distinguished from defendant Bel Franklin Apartments LLC, formed in 2008. Spokane Housing Ventures serves as agent of Bel Franklin Apartments.

The Bel condominium association blankets a building at 225 N. Division, in Spokane, and includes commercial space on the first level and residential units on the upper three levels. In April 2007, Bell Franklin owned the entire building.

In April 2007, Bell Franklin recorded a "Declaration and Covenants, Conditions, Restrictions and Reservations for The Bel, a Condominium" (covenants). Clerk's Papers (CP) at 109. The covenants bind the entire building and individual units to be sold by Bell Franklin. The covenants bind any person or entity who gains an interest in the building or an individual unit.

The title for article 12 of the covenants is "Management of Condominium." CP at 53. The article contains fourteen sections named "Administration of the Condominium," "Management by Declarant," "Election and Approval of Board," "Management by Board," "Authority of the Association," "Borrowing by Association," "Association

2

Records and Funds," "Association as Trustee," "Common Elements, Encumbrance,"

"Termination of Contracts and Leases," "Notice and Opportunity to be Heard,"

"Acquisition of Property," "Lawsuits or Arbitration Proceedings," and "Dispute

Resolution." CP at 53-63. The section on lawsuits and arbitration proceedings addresses

the approval needed by condominium unit owners for the association to commence

litigation. The first two paragraphs of section 12.14 regarding dispute resolutions

declares:

> 12.14.1 Policy - Mediation. Condominium living requires that all Unit Owners and the Association cooperate in good faith and deal fairly in performing their duties and exercising their rights under this Declaration. If any party to a dispute determines that the dispute cannot be resolved without intervention, then that party shall give notice (the "Arbitration Demand") to all other parties to the dispute and the Association demanding that the dispute be submitted to mediation and arbitration pursuant to this section. All parties to the dispute shall than participate in a nonbinding mediation for 45 days after the Arbitration Demand. The mediator shall be chosen by the Association. If the mediation is not successful, the dispute shall be resolved by binding arbitration conducted pursuant to Section 12.14.2 below. The parties confirm that by agreeing to this alternate dispute resolution process, they intend to give up their right to have any dispute decided in court by a judge or jury.
>
> 12.14.2 Binding Arbitration. If binding arbitration is required to resolve a dispute, it shall be conducted in Spokane, pursuant to RCW 7.04.060, provided, that the total award by a single arbitrator (as opposed to a panel of three arbitrators) shall not exceed $50,000, including interest, attorneys' fees and costs. If any party demands a total award greater than $50,000, there shall be three (3) neutral arbitrators. If the parties cannot agree on the selection of the arbitrator(s) within ten (10) days of the arbitration demand, the arbitrator(s) shall be selected by the administrator of the American Arbitration Association (AAA) office in Seattle from its Large Complex Case Panel or from any group of arbitrators with equivalent professional credentials as determined by the administrator. Each arbitrator

3

shall be an attorney with at least fifteen (15) years' experience in commercial or real estate law in Spokane County. *The arbitrator(s) shall determine whether the dispute is subject to binding arbitration under this section.* All statutes of limitations which would otherwise be applicable shall apply to any arbitration proceeding hereunder.

CP at 63-64 (emphasis added).

"Compliance with Declaration" is the title to article 18 of the covenants. CP at 87.

The article reads:

18.1 <u>Enforcement.</u> Each Owner and the Association shall comply strictly with the provisions of this Declaration, the Bylaws and Rules, as the same may be lawfully amended from time to time, and with all decisions adopted pursuant to this Declaration, the Bylaws and the Rules. *Failure to comply shall be grounds for an action to recover sums due for damages, or injunctive relief, or both,* maintainable by the Board (acting through its officers on behalf of the Owners) or by the aggrieved Owner on his own against the party (including any Owner or the Association) failing to comply.

18.2 <u>No Waiver of Strict Performance.</u> The failure of the Board in any one or more instances to insist upon the strict performance of this Declaration, of the Bylaws, or to exercise any right or option contained in such documents, or to serve any notice *or to institute any action*, shall not be construed as a waiver of a relinquishment for the future of such term, covenant, condition or restriction, but such term, covenant, condition or restriction shall remain in full force and effect. The receipt by the Board of payment of any assessment from an Owner, with knowledge of any such breach shall not be deemed a waiver of such breach, and no waiver by the Board of any provision hereof shall be deemed to have been made unless expressed in writing and signed by the Board.

CP at 87 (emphasis added).

In April 2007, Bell Franklin transferred the commercial condominium units to

Winthrop and Allison Taylor. In July 2008, Bell Franklin transferred the residential

4

condominium units on the top floors to defendant Bel Franklin Apartments. Bel Franklin Apartments intended to benefit from low-income housing tax credits by the purchase and rentals of the condominiums.

According to plaintiff Joseph Harwood, after purchasing the upper condominiums, Bel Franklin engaged in a series of fraudulent activities including the recording of counterfeit covenant amendments all to the detriment of Joseph Harwood and his related entities, C & H BFB LLC, Money Talks LLC, and Money Talks Trust. Harwood also complains about defendant First American Title Insurance Company's participation in the purported fraud.

## PROCEDURE

On August 15, 2014, Joseph Harwood brought suit against Bel Franklin Apartments for breach of the declarations and covenants, breach of implied covenant of good faith and fair dealing, breach of an estoppel and stipulation agreement, and consumer protection violations. Each claim relates to the parties' condominium interests and dealings.

On October 3, 2014, Bel Franklin Apartments moved the trial court to dismiss the suit and to compel arbitration. Bel Franklin Apartments argued that section 12.14 of the Declaration and Covenants requires Joseph Harwood and his entities to arbitrate all claims. Harwood opposed the motion by contending: (1) Section 12.14 is not a valid arbitration provision, (2) Section 12.14 does not cover disputes other than management

5

disputes, (3) Section 18.1 permits a lawsuit under these circumstances, and (4) the Washington Condominium Act, chapter 64.34 RCW governs this dispute, and the arbitration clause may not impact the right to sue under the act. The trial court denied the motion to compel arbitration.

After filing this appeal, Bel Franklin Apartments, represented by legal counsel, filed a brief asking us to reverse the trial court's denial of its motion to compel arbitration. Joseph Harwood filed no responsive brief.

On October 5, 2016, this court scheduled resolution of the appeal by a panel without oral argument on December 5, 2016. On December 5, 2016, this court received a letter from Fred Peck, Executive Director of Spokane Housing Ventures, managing member of Bel Franklin Apartments, which letter requested the court to remove the appeal from the court calendar. Peck wrote that Bel Franklin Apartments and Joseph Harwood sought to reach a settlement agreement. The letter informed the court that Bel Franklin Apartments, a limited liability company, was no longer represented by legal counsel.

On December 9, 2016, this court replied to Fred Peck's December 5 letter. The court informed Peck that Bel Franklin Apartments' legal counsel had not filed a notice of withdrawal and that the court considered only counsel as the spokesperson for the limited liability company. The court also advised Peck that a licensed attorney must represent any limited liability company engaged in litigation. The court postponed the hearing

6

until February 1, 2017, for Peck and Bel Franklin Apartments' counsel to take any needed steps. The court sent a copy of its response to all counsel of record, including Bel Franklin Apartments' counsel.

On February 1, 2017, this court received a CR 41 motion to dismiss with a superior court caption. We have no confirmation that anyone filed a copy of the motion with the superior court. Joseph Harwood signed the motion as trustee on behalf of plaintiffs Money Talks Trust and as governor on behalf of Money Talks LLC. Cory Colvin signed the motion to dismiss as governor of C & H BFB, LLC. Nevertheless, counsel for both Money Talks entities and for C & H BFB, LLC, has never withdrawn from representing the plaintiffs. We proceed to the merits.

## LAW AND ANALYSIS

Because Joseph Harwood failed to file a responsive brief, we must examine the brief of Bel Franklin Apartments and the record to determine whether it has made a prima facie showing that requires reversal. *In re Marriage of Forsyth*, 14 Wn. App. 909, 912, 546 P.2d 117 (1976); *Aquarian Foundation v. KTVW, Inc.*, 11 Wn. App. 476, 478, 523 P.2d 969 (1974). This court reviews de novo a trial court's decision denying a motion to compel arbitration. *Otis Housing Association, Inc. v. Ha*, 165 Wn.2d 582, 586, 201 P.3d 309 (2009).

7

Usually the court determines whether an agreement to arbitrate covers a pending

controversy. *Waqas Saleemi v. Doctor's Associates, Inc.*, 176 Wn.2d 368, 376, 292 P.3d

108 (2013). By statute,

> The court shall decide whether an agreement to arbitrate exists or a
> controversy is subject to an agreement to arbitrate.

RCW 7.04A.060(2). Nevertheless, the Bell Franklin covenants' arbitration clause

contains a unique provision that assigns the issue of arbitrability to the arbitrator. Under

Washington law, despite the statute and based in part on preemptive federal law, when

the contract unmistakably assigns the question of arbitrability to the arbitrator, the

arbitrator should decide if a controversy falls within the arbitration clause's scope.

*Brown v. MHN Government Services, Inc.*, 178 Wn.2d 258, 264-65, 306 P.3d 948 (2013);

*Gorden v. Lloyd Ward & Associates, PC*, 180 Wn. App. 552, 563, 323 P.3d 1074 (2014);

*Mendez v. Palm Harbor Homes, Inc.*, 111 Wn. App. 446, 455-56, 45 P.3d 594 (2002).

The Washington Supreme Court's decision in *Satomi Owners Association v.

Satomi, LLC*, 167 Wn.2d 781, 225 P.3d 213 (2009) binds this appeal. The court enforced

a warranty provision that consigned to the arbitrators the question of whether an

arbitration clause blanketed the dispute between the parties. One of the claims asserted

by the plaintiffs fell under the Washington Condominium Act.

Bel Franklin requests this court reverse and dismiss Harwood's claims. Bel

Franklin does not cite any case supporting dismissal of the claims as opposed to staying

8

No. 33024-9-III
*Harwood v. First American Title Ins. Co.*

of litigation pending arbitration. Most Washington cases on a motion to compel arbitration are silent on the treatment of the claims on remand. *E.g. Verbeek Properties, LLC v. GreenCo Environmental, Inc.*, 159 Wn. App. 82, 93, 246 P.3d 205 (2010); *Canal Station North Condominium Association v. Ballard Leary Phase II, LP*, 179 Wn. App. 289, 302, 322 P.3d 1229 (2013). Since an arbitrator could rule that the controversy is not arbitrable, we direct the trial court to stay proceedings rather than dismiss the suit. We also note that defendant First American Title Insurance Company was not a party to the covenants. Thus, Harwood need not arbitrate claims against First American.

## CONCLUSION

We reverse the trial court's order denying the motion to compel arbitration and remand for entry of an order staying Joseph Harwood's suit against Bel Franklin Apartments until completion of arbitration proceedings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, C.J.

WE CONCUR:

Korsmo, J.

Lawrence-Berrey, J.

9