IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| DONALD B. COOK, Pro Se, | No. 83706-1-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| VERIZON COMMUNICATIONS, | |
| Respondent. | |

PER CURIAM — Donald Cook, proceeding pro se, appeals the trial court's orders granting Cellco Partnership d/b/a Verizon Wireless's (Verizon)[1] motion to compel arbitration and denying his motion for reconsideration. Because Cook fails to demonstrate any error in the orders on review before this court, we affirm.

FACTS

On July 28, 2018, Cook purchased a Samsung Galaxy J7V cellular telephone from Verizon. The purchase agreement executed at the point of sale stated:

I have read and agree to the Verizon Wireless Customer Agreement and Verizon Privacy Policy, including settlement of dispute by arbitration instead of jury trial, as well as the terms of my plan and any optional services I have agreed to purchase.

---

[1] According to Verizon, the corporate entity named in the complaint does not exist.

Citations and pin cites are based on the Westlaw online version of the cited material.

The Verizon Wireless Customer Agreement contains an arbitration agreement that states, in pertinent part:

> How do I resolve disputes with Verizon?
>
> WE HOPE TO MAKE YOU A HAPPY CUSTOMER, BUT IF THERE'S AN ISSUE THAT NEEDS TO BE RESOLVED, THIS SECTION OUTLINES WHAT'S EXPECTED OF BOTH OF US.
>
> YOU AND VERIZON BOTH AGREE TO RESOLVE DISPUTES ONLY BY ARBITRATION OR IN SMALL CLAIMS COURT. YOU UNDERSTAND THAT BY THIS AGREEMENT YOU ARE GIVING UP THE RIGHT TO BRING A CLAIM IN COURT OR IN FRONT OF A JURY. [. . .] WE ALSO BOTH AGREE THAT:
>
> (1) THE FEDERAL ARBITRATION ACT APPLIES TO THIS AGREEMENT. EXCEPT FOR SMALL CLAIMS COURT CASES, ANY DISPUTE THAT IN ANY WAY RELATES TO OR ARISES OUT OF THIS AGREEMENT OR FROM ANY EQUIPMENT, PRODUCTS AND SERVICES YOU RECEIVE FROM US, OR FROM ANY ADVERTISING FOR ANY SUCH PRODUCTS OR SERVICES, OR FROM OUR EFFORTS TO COLLECT AMOUNTS YOU MAY OWE US FOR SUCH PRODUCTS OR SERVICES, INCLUDING ANY DISPUTES YOU HAVE WITH OUR EMPLOYEES OR AGENTS, WILL BE RESOLVED BY ONE OR MORE NEUTRAL ARBITRATORS BEFORE THE AMERICAN ARBITRATION ASSOCIATION ("AAA") OR BETTER BUSINESS BUREAU ("BBB").

The signature line of the purchase agreement provided that "[b]y signing below I accept the agreements above and authorize payment on my next bill[.]"  Cook signed the purchase agreement, which includes the arbitration agreement.

On August 6, 2021, Cook filed a complaint for damages against Verizon alleging claims for (1) breach of contract, (2) breach of the duty of good faith and fair dealing, (3) negligence, (4) fraud, (5) deceptive trade practices, (6) failure to acknowledge pertinent communications, and misinformation and disinformation on the 5G network.  The complaint alleged that the Samsung phone he

purchased from Verizon "would not work" and that Verizon withheld the fact that the phone's warranty was administered through its manufacturer. It further alleged that Verizon's 5G network adversely impacts consumer privacy and human health.

On December 7, 2021, Verizon filed a motion to compel arbitration and stay case. Verizon argued, among other things, that the arbitration agreement is valid and that it encompasses Cook's claims for relief. On December 17, 2021, the trial court granted Verizon's motion and ordered Cook to file for arbitration as required by the customer agreement. Cook moved for reconsideration, which the trial court denied. Cook appealed.

## DISCUSSION

We review de novo a trial court's decision to grant a motion to compel or deny arbitration. Zuver v. Airtouch Commc'ns, Inc., 153 Wn. 2d 293, 302, 103 P. 3d 753 (2004). Cook, as the party opposing arbitration, bears the burden of showing the arbitration clause is inapplicable or unenforceable. Verbeek Props., LLC v. GreenCo Envtl., Inc., 159 Wn. App. 82, 86-87, 246 P.3d 205 (2010). We review a trial court's denial of a motion for reconsideration for abuse of discretion. Go2Net v. CI Host, Inc., 115 Wn. App. 73, 88, 60 P.3d 1245 (2003).

A pro se litigant must follow the same rules of procedure and substantive law as a licensed attorney. Holder v. City of Vancouver, 136 Wn. App. 104, 106, 147 P.3d 641 (2006). An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). This court generally

will not consider claims not supported by citation to authority, references to the record, or meaningful analysis. Id.; Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989); Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011) ("We will not consider an inadequately briefed argument.") (quoting Bohn v. Cody, 119 Wn.2d 357, 368, 832 P.2d 71 (1992)).

Cook's opening brief lacks any discussion of issues, arguments, or authority raised by Verizon in the trial court below. He fails to support the majority of his arguments with meaningful legal analysis, pertinent authority, or references to the record. Taken together, these deficiencies are sufficient to preclude review. In any case, Cook demonstrates no basis for relief.

Cook appears to challenge arbitration as inherently unfair. He argues that the trial court's order compelling arbitration places Verizon "in a position where they are above state law and will never be held responsible for violating any of Washington State Laws." But "Washington has a strong public policy favoring arbitration." Canal Station N. Condo. Ass'n v. Ballard Leary Phase II, LP, 179 Wn. App. 289, 297, 322 P.3d 1229 (2013). Contract defenses such as fraud, duress, or unconscionability may apply to invalidate arbitration agreements. Zuver, 153 Wn.2d at 302. However, "[c]ourts must indulge every presumption in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Verbeek Props., 159 Wn. App. at 87.

- 4 -

Here, Cook unquestionably accepted the terms of the customer agreement by signing the purchase agreement at the point of sale. He thereby expressly agreed that "the Federal Arbitration Act applies to this agreement" and that he must arbitrate "any dispute that in any way relates to or arises out of this agreement, or from any equipment, products and services you receive from [Verizon]."

For the first time in his reply brief, Cook argues that the trial court erred in compelling arbitration because his claims are criminal in nature and because the agreement is unconscionable. But "[a]n issue raised and argued for the first time in a reply brief is too late to warrant consideration." Cowiche Canyon, 118 Wn.2d at 809.

Affirmed.

FOR THE COURT:

_____
Coburn, J.

_____
Bowman, J

_____
Smith, A.C.J.