IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MIDTOWN LIMITED PARTNERSHIP, a Washington limited partnership; FATHOM PROPERTIES LLC, a Washington limited liability corporation; THE MARGARET ELLEN DELANEY TRUST, a California trust; MARGARET E. DELANEY, an individual; TATOOSH LLC, a Washington limited liability corporation; CAROL ZAREK, an individual; and ELIZABETH HALL, an individual, | No. 78998-8-I (consolidated with 78995-3-I & 79871-5-I) DIVISION ONE UNPUBLISHED OPINION |
| Respondents, | |
| v. | |
| THOMAS F. BANGASSER, individually and on behalf of the marital community of Thomas F. Bangasser and Melissa Bangasser, | |
| Appellant, | |
| and | |
| BANGASSER & ASSOCIATES, INC., a Washington corporation, | |
| Defendant. | |

SMITH, J. — This consolidated appeal arises from the trial court's

resolution of a fundamental partnership dispute between pro se appellant

Thomas Bangasser and the limited partners of MidTown Limited Partnership

Citations and pin cites are based on the Westlaw online version of the cited material.

(MidTown), all of whom are his siblings or entities owned by siblings.[1]  Thomas argues that the trial court erred by concluding that he waived arbitration and that MidTown's counsel did not have a conflict of interest.  He also challenges the trial court's award of attorney fees and costs to MidTown.  We affirm and also award attorney fees and costs to MidTown on appeal.

FACTS

MidTown is a Washington limited partnership.[2]  The primary asset of the partnership was several parcels of commercial real estate in Seattle.  Thomas was the general partner of MidTown from 1988 until June 2015, when the other four limited partners unanimously voted to remove him as general partner and replace him with their sister Margaret Delaney due to increasing discomfort with his management.  Delaney immediately began to prepare the property for sale.

In September 2015, Thomas sued MidTown for breach of the partnership agreement, asserting that MidTown failed to compensate him for his partnership interest and for his past services as general partner.  He also sought a security interest in the property and the appointment of a receiver for sale of the property.  The trial court struck the lis pendens and awarded fees against him.  Thomas

---

[1] We refer to Thomas Bangasser by his first name for clarity and mean no disrespect in doing so.

[2] This is the fifth appeal arising directly or indirectly from the partnership dispute among these parties.  See Bangasser v. MidTown Limited P'ship, No. 75226-0-I (Wash. Ct. App. Apr. 24, 2017) unpublished, http://www.courts.wa.gov/opinions/pdf/752260.pdf; Hall v. Bangasser, No. 76077-7-1 (Wash. Ct.  App. Jan. 16, 2018) unpublished, http://www.courts.wa.gov/opinions/pdf/760777.pdf; Bangasser v. Bangasser, No. 77398-4-I (Wash. Ct. App. Jan. 14, 2019) unpublished, http://www.courts.wa.gov/opinions/pdf/773984.pdf; Bangasser v. Bangasser, No. 78595-8-I (Wash. Ct. App. Oct. 14, 2019) unpublished, http://www.courts.wa.gov/opinions/pdf/785958.pdf.  The underlying facts are set forth in those unpublished opinions and will be repeated here only as necessary.

then amended his complaint to assert that he was wrongfully removed as general partner, that the property was undervalued, that MidTown owed him management fees, and that the court should intervene in the process of valuing and distributing partnership assets. The court granted MidTown's motion for partial summary judgment and awarded attorney fees to MidTown, and we affirmed. Bangasser v. MidTown Limited P'ship, No. 75226-0-I (Wash. Ct. App. Apr. 24, 2017) unpublished, http://www.courts.wa.gov/opinions/pdf/752260.pdf.

Thomas nevertheless continued to insist that he was the sole legitimate general partner of MidTown and to act in accordance with this position. He insisted that the limited partners had undervalued the property, that his general partner interest comprised more than 21 percent of the value of the partnership, and that MidTown owed him a management fee. He notified professionals involved in the valuation and sale of the property that they should take no further action in selling it. He filed a lawsuit in federal district court arguing that he had granted a right of first refusal to acquire the property to his friend Omari Tahir-Garrett or to Africatown Community Land Trust, and he filed a lis pendens in connection with this claim. The federal court dismissed the claim and canceled the lis pendens. Thomas then opposed the partnership's efforts to remove Tahir-Garrett and a homeless encampment from the property.

On June 17, 2016, MidTown served a complaint in arbitration on Thomas pursuant to section 13.11 of the partnership agreement, which provides that "[a]ny dispute, controversy or claim arising out of or related to his Agreement, or the breach thereof, shall be resolved by binding arbitration." Thomas did not

3

respond to the complaint. Instead, in a letter to the clerk of this court seeking an amended briefing schedule, he asserted that the demand for arbitration was a "strategy . . . intended to obstruct the orderly advance of this appeal on its merits."

On December 30, 2016, MidTown renewed its demand for arbitration. Thomas's new counsel rejected the demand:

> [T]his matter already began litigation in [the first state action] because MidTown preserved no arbitration rights thereby waiving their arbitration rights. Furthermore, the issues involved with this case require a judicial forum because of the various equitable defenses we intend to present and the potential effects of the case on the community.

In May 2017, MidTown sold the property for $23,300,000. MidTown's general partner set aside $5 million as a contingency for claims and lawsuits and allocated the remaining funds equally among the five limited partners. Thomas claimed that he had sold half of his interest in the partnership to Africatown, so half of his share was deposited into a court registry. Because Thomas subsequently made statements inconsistent with this position, MidTown filed an interpleader action to determine who was entitled to those funds. The remaining distributable funds were distributed to Thomas's daughter and to his creditors.

On June 14, 2017, MidTown filed suit against Thomas seeking declaratory relief on all remaining partnership disputes, including (1) the number of units each partner held, (2) whether Thomas was a general or limited partner, (3) whether he was owed a commission for his services as general partner, (4) how much he was owed for his general partner interest, (5) whether the new general partners had mismanaged the partnership or its property, (6) whether the

property sale was reasonable and in accordance with the partnership agreement, and (7) to whom Thomas's general partnership interest should be paid. Thomas's answer did not assert a right to arbitrate. Thomas then filed numerous counterclaims against MidTown asserting breach of the partnership agreement, breach of fiduciary duty, piercing the corporate veil, promissory estoppel, compensation for services to the partnership, unjust enrichment, disgorgement of funds owing, and failure to produce records.

After the parties engaged in substantial discovery and secured a date for a summary judgment hearing, Thomas moved to compel arbitration pursuant to the partnership agreement. The court ruled that Thomas had waived his right to enforce the arbitration agreement and denied the motion. The court subsequently entered three separate partial summary judgment orders resolving all substantive partnership issues in MidTown's favor and dismissed Thomas's counterclaims. The court awarded MidTown $400,000.00 in attorney fees and $53,441.04 in costs. Thomas appealed.

ANALYSIS

Arbitration

Thomas contends that the trial court erred in concluding that he waived arbitration pursuant to the partnership agreement. We review an order denying a motion to compel arbitration de novo. Verbeek Props., LLC v. GreenCo Envtl., Inc., 159 Wn. App. 82, 86, 246 P.3d 205 (2010).

"[W]aiver is an intentional relinquishment or abandonment of a known right or privilege." Schuster v. Prestige Senior Mgmt., LLC, 193 Wn. App. 616, 631,

376 P.3d 412 (2016). "The right to arbitrate is waived by 'conduct inconsistent with any other intention but to forego a known right.'" Verbeek, 159 Wn. App. at 87 (quoting Lake Wash. Sch. Dist. No. 414 v. Mobile Modules Nw, Inc., 28 Wn. App. 59, 62, 621 P.2d 791 (1980)). "Whether waiver occurs necessarily depends on the facts of the particular case and is not susceptible to bright line rules." Schuster, 193 Wn. App. at 633.

"To establish waiver of the right to arbitration, the party opposing arbitration must demonstrate '(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts.'" Wiese v. Cach, LLC, 189 Wn. App. 466, 480, 358 P.3d 1213 (2015) (internal quotation marks omitted) (quoting Letizia v. Prudential Bache Sec., Inc., 802 F.2d 1185, 1187 (9th Cir. 1986)).

"Washington courts apply a strong presumption in favor of arbitration." Heights at Issaquah Ridge Owners Ass'n v. Burton Landscape Grp., Inc., 148 Wn. App. 400, 405, 200 P.3d 254 (2009). The party opposing arbitration bears "the burden of showing the arbitration clause is inapplicable or unenforceable." Otis Hous. Ass'n v. Ha, 165 Wn.2d 582, 587, 201 P.3d 309 (2009).

Here, the trial court stated that Thomas waived his right to enforce the arbitration clause because "the answer and counterclaim do not assert the right to arbitration, the parties participated in substantial discovery, and this motion was filed after plaintiffs' motion for summary judgment was scheduled. The delay and resulting expenses caused prejudice." Thomas does not assign error to

these findings, and they are verities on appeal. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 808, 828 P.2d 549 (1992).

Regardless, we agree with MidTown that the record amply supports a finding of waiver. First, Thomas knew there was an existing right to enforce arbitration. He signed the amendment adding the arbitration clause to the partnership agreement in 2003, and he refused MidTown's arbitration demand in 2016. Second, his acts were inconsistent with his claim of a right to arbitrate. He filed suit in state and federal court raising disputes arising from the partnership agreement without asserting a right to arbitration. He then disregarded or rejected MidTown's June and December 2016 demands for arbitration. And when MidTown filed suit against Thomas in 2017, Thomas filed counterclaims without asserting a right to arbitrate. Thomas did not demand arbitration until December 2017, just as MidTown was preparing to move for summary judgment. Third, Thomas's refusal to arbitrate caused MidTown to incur substantial litigation expenses. "'When a party has expended considerable time and money due to the opposing party's failure to timely move for arbitration and is then deprived of the benefits for which it has paid by a belated motion to compel, the party is indeed prejudiced.'" Jeoung Lee v. Evergreen Hosp. Med. Ctr., 7 Wn. App. 2d 566, 585, 434 P.3d 1071 (quoting Martin v. Yasuda, 829 F.3d 1118, 1127 (9th Cir. 2016)), review granted, 193 Wn.2d 1029 (2019).

Thomas's reliance on Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 202 L. Ed. 2d 480 (2019), is entirely misplaced. The Schein court held that "[w]hen the parties' contract delegates the arbitrability question to an

7

arbitrator, the courts must respect the parties' decision as embodied in the contract." 139 S. Ct. at 531. <u>Schein</u> has nothing to do with waiver. Moreover, there is nothing in the MidTown partnership agreement indicating that the parties agreed an arbitrator would decide whether waiver had occurred.

Thomas also asserts that section 9.5 of the partnership agreement, entitled "Value of Partnership," confers a separate right to arbitrate the valuation of his general partner unit. But the arbitration clause applies to "any" dispute under the agreement, and section 9.5 is silent regarding arbitration. Thomas waived arbitration of all issues, including valuation.

<u>Joinder of Parties</u>

Thomas contends that the trial court erred in failing to join his daughter Lauren Bangasser, Africatown Community Land Trust, and MidTown Community Land Trust as necessary parties under CR 19. But Thomas failed to raise this issue below. In general, issues not raised in the trial court may not be raised on appeal. RAP 2.5(a); <u>Roberson v. Perez</u>, 156 Wn.2d 33, 39, 123 P.3d 844 (2005). We therefore decline to consider it.

<u>Attorney Conflict of Interest</u>

Thomas challenges the trial court's finding, made in the context of its refusal to order contempt, that there is no basis for his allegation that MidTown's counsel has a conflict of interest.[3] Whether the circumstances demonstrate a conflict under the ethical rules is reviewed de novo. <u>State v. Regan</u>, 143 Wn. App. 419, 428, 177 P.3d 783 (2008).

---

[3] Although Thomas assigns error to this finding, he does not challenge the trial court's denial of his motion for contempt on this basis.

"The attorney-client relationship is a fiduciary one as a matter of law and thus the attorney owes the highest duty to the client." Perez v. Pappas, 98 Wn.2d 835, 840-41, 659 P.2d 475 (1983). "Rules of professional conduct should be construed broadly to protect the public from attorney misconduct." In re Marriage of Wixom, 182 Wn. App. 881, 898, 332 P.3d 1063 (2014).

RPC 1.7 prohibits a lawyer from representing a client if a concurrent conflict of interest exists. "A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." RPC 1.7(a). "[T]he phrase 'significant risk' underscores that this inquiry does not require a fully materialized conflict, but rather looks to the potential for conflict." Arden v. Forsberg & Umlauf, PS, 189 Wn.2d 315, 326, 402 P.3d 245 (2017). "A lawyer represents conflicting interests when, on behalf of one client, it is the lawyer's duty to contend that which the lawyer's duty to another client requires him or her to oppose." Wixom, 182 Wn. App. at 898.

Thomas appears to argue that MidTown's counsel represented conflicting interests by representing both the partnership and its majority partners against him. But Thomas sued MidTown in 2015 after his removal as general partner, thereby placing his interests at odds with theirs. MidTown's counsel then represented the partnership, its general partner, and the majority limited partners in litigation against Thomas. MidTown's counsel never represented Thomas. "A

lawyer employed or retained by an organization represents the organization through its duly authorized constituents." RPC 1.13(a). And a lawyer representing an organization "may also represent any of its directors, officers, employees, members, shareholders or other constituents." RPC 1.13(g). Nothing in these rules prevents MidTown's counsel from representing the interests of the partnership and its majority partners against Thomas, a minority partner. Cases cited by Thomas are factually distinguishable and entirely inapposite. There is no conflict of interest.

Summary Judgment

Thomas challenges all three orders granting partial summary judgment in favor of MidTown. We review summary judgment orders de novo. Hayden v. Mut. of Enumclaw Ins. Co., 141 Wn.2d 55, 63-64, 1 P.3d 1167 (2000). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c); Kruse v. Hemp, 121 Wn.2d 715, 722, 853 P.2d 1373 (1993).

Thomas argues that these orders should be overturned based on the alleged conflict of interest, but he does not provide any substantive analysis or identify an issue of material fact that should have prevented the rulings. Claims presented without meaningful analysis also need not be considered. Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011). Regardless, his conflict of interest claim lacks merit.

Thomas further asserts that the trial court failed to identify the evidence it relied on in granting summary judgment, but he is incorrect. He also challenges

10

the orders on the basis that the trial court failed to identify the specific facts that were contested and uncontested. But findings of fact are not necessary on summary judgment. Davenport v. Wash. Educ. Ass'n, 147 Wn. App. 704, 715 n.23, 197 P.3d 686 (2008).

Thomas also claims that the trial court erred in dismissing MidTown's untried damages claims without prejudice. But CR 41(a)(1)(B) requires that a trial court dismiss a case "[u]pon motion of the plaintiff at any time before plaintiff rests at the conclusion of plaintiff's opening case." MidTown so moved, and dismissal without prejudice was entirely proper.

Attorney Fees

Thomas contends that the trial court erred in entering an award of attorney fees without including appropriate findings and conclusions in the record and clear supporting documentation for its lodestar calculation. We disagree.

We will uphold an attorney fee award unless we find the trial court manifestly abused its discretion. Ewing v. Glogowski, 198 Wn. App. 515, 521, 394 P.3d 418 (2017). A trial court abuses its discretion when it exercises discretion on untenable grounds or for untenable reasons. Chuong Van Pham v. City of Seattle, 159 Wn.2d 527, 538, 151 P.3d 976 (2007).

The trial court uses the lodestar calculation to determine reasonable attorney fees. Berryman v. Metcalf, 177 Wn. App. 644, 660, 312 P.3d 745 (2013). The lodestar is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Berryman, 177 Wn. App. at 660. The requesting attorney must provide reasonable documentation of their

work performed. Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597, 675 P.2d 193 (1983). "The court must limit the lodestar to hours reasonably expended, and should therefore discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time." Bowers, 100 Wn.2d at 597.

Thomas asserts that the fee award should be reversed and remanded to arbitration due to conflict of interest and to provide a meaningful record of the amount and basis for the award. But the trial court based its award on detailed findings and conclusions. It found that the rates charged were reasonable, that Thomas prevailed on no claims, that his inconsistent positions and refusal to arbitrate increased the cost of litigation, and that MidTown was the prevailing party except with respect to the damages claims it voluntarily dismissed. Moreover, the $400,000 attorney fee award was a substantial reduction from the lodestar. The trial court did not abuse its discretion.

Attorney Fees on Appeal

Thomas and MidTown both request attorney fees on appeal. RAP 18.1 permits a party to recover attorney fees on appeal where authorized by applicable law. "A contractual provision for an award of attorney's fees at trial supports an award of attorney's fees on appeal under RAP 18.1." W. Coast Stationary Eng'rs Welfare Fund v. City of Kennewick, 39 Wn. App. 466, 477, 694 P.2d 1101 (1985).

Here, section 13.10 of the MidTown partnership agreement provides: "In the event of any litigation arising out of this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and court costs." Accordingly, we award

fees and costs incurred in the present appeal to MidTown as the prevailing party, subject to compliance with RAP 18.1.

Affirmed.

WE CONCUR: