FILED
11/20/2023
Court of Appeals
Division I
State of Washington

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| FATEN ANWAR,<br><br>     Appellant,<br><br>  v.<br><br>EXAM MASTER CORPORATION,<br><br>     Respondent. | No. 85274-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Faten Anwar sued Exam Master Corporation (Exam Master) seeking to recover contractual royalties as unlawfully withheld employee wages under Washington's wage laws, RCW 49.52.050 and .070. Anwar appeals the trial court's dismissal of her claims under CR 12(b). We affirm.

I

In 2002, Anwar and Exam Master executed a publishing agreement (agreement) in which Anwar, as an independent contractor, agreed to create questions that would be used by Exam Master in testing software, books, tutorials, and other publications.[1]

---

[1] It appears the parties executed a nearly identical agreement for 1,000 questions in 2007 but the record shows Anwar claimed she never signed it. "Where the party opposing arbitration does not bring a

Under the agreement, Anwar was to receive royalties as compensation for creating the questions.  Anwar and Exam Master also agreed that the laws of Delaware governed the agreement, and to arbitrate any dispute arising under the agreement in Delaware.

The agreement also provided that either party could terminate it at any time by giving 30 days written notice to the other party.  If the agreement terminated, Anwar's royalties would survive termination and Exam Master had to pay them for as long as Anwar's questions were sold.

In 2016, Exam Master decided to stop using a royalty model for author contracts and instead use a cash-for-content model.  Exam Master tried to negotiate new contract terms with Anwar.  Anwar refused.  In February 2017, Exam Master notified Anwar of its intent to terminate the agreement.  On April 18, 2017, Exam Master confirmed the agreement terminated on March 16, 2017, and its intent to remove all questions written by Anwar.  Exam Master informed Anwar that final royalties would be paid in September 2017.

On April 29, 2022, Anwar filed a small claims action in Snohomish County District Court seeking $5,000 for unpaid royalties under the agreement.  The district court granted Exam Master's motion to dismiss the claim with prejudice on August 8, 2022.[2]

On January 31, 2023, Anwar sued Exam Master in Snohomish County Superior Court seeking payment of royalties as unlawfully withheld employee wages under Washington's wage laws, RCW 49.52.050 and .070.  On March 17, 2023, Exam Master

_____

discrete challenge to the arbitration provision, but instead challenges the agreement as a whole, that challenge is for the arbitrator to decide."  Biochron, Inc. v. Blue Roots, LLC, 26 Wn. App. 2d 527, 538, 529 P.3d 464 (2023) (citing Townsend v. Quadrant Corp., 173 Wn.2d 451, 459-60, 268 P.3d 917 (2012)).

[2] There is no evidence in the record that Anwar sought appellate review of the district court's dismissal.

moved to dismiss the complaint under CR 12(b) for lack of jurisdiction and failure to state a claim upon which relief can be granted. Exam Master argued that under the agreement the claims must be resolved by arbitration. Exam Master noted a hearing on its motion to dismiss for April 19, 2023.

On March 21, 2023, Anwar responded to Exam Master's motion to dismiss and filed her own motion for summary judgment on her wage claims. Anwar noted a hearing on her motion for summary judgment for May 10, 2023—almost three weeks after Exam Master's motion to dismiss was noted for hearing.

On April 19, 2023, the trial court considered and granted Exam Master's motion to dismiss with prejudice. The court found that (1) the parties operated under a contract which contained a mandatory arbitration clause, (2) the dispute arose during the time the contract was valid, and (3) the issue in controversy related directly to the contract. The court also concluded the arbitration clause survived termination of the agreement and thus required arbitration. The trial court did not consider Anwar's motion for summary judgment.

Anwar appeals.

II

Anwar assigns error to the trial court's dismissal of her complaint.[3] Anwar argues the trial court erred in concluding that her claim was a dispute arising under the contract and subject to arbitration.

---

[3] Anwar spends a significant portion of her brief arguing issues that were not before or decided by the trial court, including issues related to her motion for summary judgment and the admissibility of declarations submitted in opposition to her motion. But the trial court did not rule on Anwar's motion for summary judgment as the issues were moot after her claims were dismissed under CR 12. While we

A

We review de novo a motion to dismiss under CR 12(b)(1) and (b)(6).  Wells Fargo Bank, N.A. v. Dep't of Revenue, 166 Wn. App. 342, 350, 271 P.3d 268 (2012); Kinney v. Cook, 159 Wn.2d 837, 842, 154 P.3d 206 (2007).  Dismissal is "'appropriate only when it appears beyond doubt' that the plaintiff cannot prove any set of facts that 'would justify recovery.'"  Wash. Trucking Ass'ns v. State Emp. Sec. Dep't, 188 Wn.2d 198, 207, 393 P.3d 761 (2017) (quoting San Juan County v. No New Gas Tax,160 Wn.2d 141, 164, 157 P.3d 831 (2007).  We presume the truth of the allegations and may consider hypothetical facts not included in the record.  Wash. Trucking, 188 Wn.2d at 207.

The threshold question of arbitrability is also reviewed de novo and begins with the examination of the arbitration agreement without inquiry into the merits of the dispute.  Berman v. Tierra Real Estate Grp., LLC, 23 Wn. App. 2d 387, 393-94, 515 P.3d 1004 (2022) (citing Burnett v. Pagliacci Pizza, Inc., 196 Wn.2d 38, 46, 470 P.3d 486 (2020)).

Arbitration is a matter of contract.  Healy v. Seattle Rugby, LLC, 15 Wn. App. 2d 539, 544, 476 P.3d 583 (2020).  In Washington, contract interpretation requires courts to focus on the objective manifestations of the agreement to determine the parties' intent.  Berman, 23 Wn. App. 2d at 394.  "When considering the language of a written agreement, we 'impute an intention corresponding to the reasonable meaning of the words used.'"  Berman, 23 Wn. App. 2d at 394 (quoting Hearst Commc'ns, Inc. v.

---

recognize that Anwar is a pro se litigant, she is "bound by the same rules of procedure and substantive law as attorneys."  Westberg v. All-Purpose Structures Inc., 86 Wn. App. 405, 411, 936 P.2d 1175 (1997).

Seattle Times Co., 154 Wn.2d 493, 115 P.3d 262 (2005)).  If the language is clear and unambiguous, we must enforce the agreement as written.  Ley v. Clark County Pub. Transp. Benefit Area, 197 Wn. App. 17, 24, 386 P.3d 1128 (2016).

Courts apply a strong presumption in favor of arbitration.  Berman, 23 Wn. App. 2d at 394.  "If the dispute can fairly be said to invoke a claim covered by the agreement, any inquiry by the courts must end."  Heights at Issaquah Ridge, Owners Ass'n v. Burton Landscape Grp., Inc., 148 Wn. App. 400, 403, 200 P.3d 254 (2009).  Issues on which the parties disagree are presumed to be within the arbitration clause unless expressly stated otherwise or negated by clear implication.  Berman, 23 Wn. App. 2d at 394.  The burden of demonstrating that an arbitration agreement is not enforceable is on the party opposing the arbitration.  Zuver v. Airtouch Commc'ns, Inc., 153 Wn.2d 293, 302, 103 P.3d 753 (2004).

B

Anwar argues the trial court erred in determining that the arbitration clause survived termination of the agreement.  Conversely, Exam Master argues that by the plain language of the agreement the arbitration clause covers any dispute arising under the agreement regardless of the lack of survivability language.  Because the agreement is clear and unambiguous, we agree with Exam Master.

The dispute raised by Anwar is the perpetual payment of royalties established by the agreement.  The agreement provides, in part:

> 2.b. Financial consideration (Royalties) for services provided by Author to Publisher shall be as follows: Publisher will compensate Author TWELVE PERCENT (12%) of the net sales from all Qualifying Products multiplied by the Author's Product Contribution Factor.
> . . . .

> 7.c. Royalties for the Author shall survive termination. Publisher shall be obligated to pay royalties on Questions that are sold in Publishers' products for as long as any products containing Author's Questions are sold.
>
> . . . .
>
> 9.c. . . . <u>If a dispute arises under this Agreement</u> the parties agree to submit the dispute to an independent arbitrator in New Castle County, Delaware (USA).

(Emphasis added).

Whether Anwar is entitled to perpetual royalties arises from the agreement. Given the potential perpetual nature of the royalties and that the parties intended to arbitrate disputes, presumably, the arbitration clause survives termination to apply to a disputed right that survives termination. See <u>Litton Fin. Printing Div., a Div. of Litton Bus. Sys., Inc. v. N.L.R.B.</u>, 501 U.S. 190, 192, 111 S. Ct. 2215, 115 L. Ed. 2d 177 (1991) ("Since the layoffs took place almost one year after the Agreement expired, the grievances are arbitrable only if they involve rights which accrued or vested under the Agreement or carried over after its expiration."). Considering the presumption in favor of arbitration, and without any express contract provision or clear implication to the contrary, we conclude the arbitration clause survives termination of the agreement.

Because Anwar's claims for unpaid royalties fall within the agreement, they are subject to the arbitration clause. The trial court did not err in dismissing Anwar's claims under CR 12(b)(1) and (b)(6).

We affirm.

_____Mann, J._____

WE CONCUR:

_____Feldman, J._____          Díaz, J.
_____